LUCY B. T. BREWER *vs.* BOSTON, CLINTON AND FITCHBURG RAILROAD COMPANY.

A statute which simply authorizes a railroad corporation to cross a street at grade, abridges, but does not take away, the power of the county commissioners to prescribe what alterations may be made in the way, the time and manner of making them, &c.

When county commissioners have acted upon a subject within their jurisdiction, their record cannot be impeached collaterally, but is conclusive upon all parties in an action at law.

When county commissioners prescribe to a railroad corporation crossing a highway the alterations to be made in the way, the manner of making them, &c., no action can be maintained against the corporation for acts properly done within the authority given but for acts done in excess of that authority, or negligently or unskilfully done though within it, one suffering a special injury different from that of the public at large may maintain an action.

TORT. The declaration alleged that the plaintiff owned a tract of land on the southerly side of Ash Street, in Clinton ·

that upon the land was a dwelling-house and barn occupied by her; that at a distance of one hundred and fifty feet from her land, Ash Street at its westerly end intersected Main Street, and at its easterly end terminated at a mill pond; that the plaintiff had a right of passage from her land over Ash Street to Main Street; that the defendant corporation negligently and improperly put large quantities of earth, &c., upon Main Street at its intersection with Ash Street, and did not grade the streets so as to make them safe and convenient for travellers, but filled up Main Street in such an improper manner that she was greatly incommoded in her access to her estate, and that the surface water from Main Street was turned upon her land.

The answer alleged that the corporation were authorized by Sts. 1865, *cc.* 170, 239, to cross Main Street at grade with their railroad; that for this purpose they raised the grade of the street under, and according to, the directions of the county commissioners and to their acceptance, and that the plaintiff's remedy, if she was injured, was by petition to the county commissioners.

At the trial in the Superior Court, before *Pitman,* J., it appeared that in order to enable the defendant corporation to cross Main Street, in Clinton, with their railroad at grade, the corporation raised the grade of the street. The plaintiff offered to prove that the corporation had done this work in a careless and negligent manner and with a wanton disregard of her rights, and that in consequence her property was damaged as set forth in the declaration.

The defendant offered in evidence the record of the county commissioners, relating to the raising of the street, the material part of which was as follows:

" The said Agricultural Branch Railroad Company petition to cross said street [Main Street] at grade and on a level therewith, and having viewed the route and premises set forth in said petition, and having heard all persons and corporations interested therein who expressed a desire to be heard thereon, and said Agricultural Branch Railroad Company having a special act from the legislature to cross said street at grade and on a level therewith it is considered and adjudged that said petition ought

to be granted, and the Agricultural Branch Railroad be author-ized to construct their said crossing at grade and on a level with said street by raising said street 6.4 feet to the same level as the top of the rails of said railroad. Provided that the approaches on the north be worked a regular inclination of 1° 34′ for 240 feet, and on the south a regular inclination of 1° 13′ to the street that passes on the north side of the Clinton House in said Clin-ton, called Church Street, and that the travelled part of the road over said approaches be worked to the width of twenty-four feet between and exclusive of the side ditches, and the travelled part of the road on the southerly approach thereto be covered with good gravel to the depth of nine inches, and crowned fifteen inches. . . . .

" And now it is ordered that the crossings of the Agricultural Branch Railroad over the town and county roads aforesaid and the alterations of the town and county roads aforesaid in the towns of Northboro, Berlin, Bolton, Clinton, Lancaster, and Sterling be worked and made hard, safe, and convenient for travellers to pass over with their teams, cattle, horses, carts, and carriages, and that they be made and completed by the Agri-cultural Branch Railroad Company before the day of opening their said railroad for the passing of engines or the transaction of business thereon, to the acceptance of the county commis-sioners."

It was agreed that the county commissioners would testify, if competent, that after the street was raised, the commissioners, after notice to parties interested, viewed it, were satisfied that the work was done in substantial compliance with their order, and verbally accepted it, of which acceptance no record was made ; that for several years no record of acceptance by the commissioners has been made, to their knowledge, and that prior to that time, during the last ten years, such records were some-times but not usually made. This evidence was not controverted. It was not claimed by the defendant that any personal notice was given to the plaintiff of the intent of the commissioners to view for the purpose of accepting the work.

The plaintiff offered evidence tending to show that the street was not raised as directed by the commissioners, but was raised much higher, thereby occasioning greater damage to the plaintiff's premises than otherwise would have been done. The defendant corporation claimed that the action could not be maintained, and the judge so ruled, and directed a verdict for the defendant, and at the request of the plaintiff reported the case for the opinion of this court. If the action could be maintained then the case was to be remitted for a new trial, otherwise judgment was to be entered upon the verdict.

*G. F. Verry*, (*F. A. Gaskill* with him,) for the plaintiff.

*G. A. Torrey*, for the defendant.

ENDICOTT, J.   The first objection raised by the plaintiff to the action of the county commissioners and the record of their proceedings is that they had no jurisdiction in the premises.

By the statutes the commissioners have original jurisdiction of all questions arising on the construction of railroads across highways. They may, on petition by a railroad laid out across a highway, determine whether the railroad shall cross under, over or at grade, and what alterations are necessary in the highway, and the manner and time of making them. Gen. Sts. *c.* 63, §§ 48, 62; St. 1865, *c.* 239. But the plaintiff contends that by the St. 1865, *c.* 170,* the defendant corporation was in terms empowered to cross Main Street in Clinton at grade ; that the discretion lodged in the commissioners by the Gen. Sts. and St. 1865 could not be exercised ; that they had no power to refuse or to grant, and therefore could not determine the manner in which the crossing should be constructed ; in other words, that the Legis-

---

* SECTION 1. The Agricultural Branch Railroad Company is hereby authorized to construct its track across the track of the Worcester and Nashua Railroad Company, in the town of Clinton, and over Main and Water streets in said town, at grade; provided, however, that if said company shall build its track across said Water Street at grade, it shall erect and maintain across said street, on the easterly side of said railroad track, a gate, and cause the same to be closed while the trains are passing said street.

SECTION 2. This act shall take effect upon its passage.

By St. 1867, *c.* 153, the name of the Agricultural Branch Railroad Company was changed to the Boston, Clinton and Fitchburg Railroad Company.

lature by this special act intended to give authority to the defendant to make all necessary alterations at this crossing without application to the commissioners. If this is the construction of St. 1865, *c.* 170, it is difficult to see how the plaintiff can maintain this action, as the railroad would then have had the right to make of its own motion the alleged changes, and the remedy of the plaintiff would have been by application to the commissioners for damages under Gen. Sts. *c.* 63, § 21. But this is not the construction of that statute. It simply limits the power of the commissioners and abridges the inquiry to be entered into before them. It declares in substance that the railroad, having the power to cross the highway, may do so at grade, but what alterations are necessary in the way, and the manner of making them, are questions untouched by the statute. These are left to be determined by the existing provisions of law and by the tribunal clothed with the necessary powers. It is not to be presumed that the Legislature intended to change the existing law any further than the words of the statute indicate. We therefore are of opinion that the petition was properly brought, and was within the jurisdiction of the commissioners.

The second objection is to the record of the commissioners ; that it does not show that they complied with the provisions of law, and that it is defective in its recitals and statements as to notice, adjudication of public necessity, and many other particulars, and therefore that it affords no justification to the defendant. The plaintiff contends that these questions can be passed upon in an action at law. We do not propose to consider these several defects, because we think the record cannot be passed upon in this action. *Brimmer* v. *Boston*, 102 Mass. 19, 23.

The county commissioners constitute an inferior court charged with certain ministerial and judicial duties. On all matters of fact properly submitted to them, and in the legal exercise of their discretion, their decisions are final and conclusive. If they fail to perform a legal duty, either judicial or ministerial, *mandamus* lies to compel them to do so. *Carpenter* v. *Bristol*, 21 Pick. 258. If in the performance of a legal duty they have committed an error in law, or have failed to proceed in all respects accord-

ing to law, *certiorari* lies to quash, affirm, or amend their pro-
ceedings. Gen. Sts. *c.* 145, § 9. It is unnecessary to cite the
numerous cases to this point. In these two forms of procedure
only, according to the well settled practice in this Common-
wealth, can their action be controlled or annulled. When, there-
fore, they have acted in the regulation of railroad crossings over
highways, which is a matter within their jurisdiction, their rec-
ord, ordering in what manner the crossing shall be constructed,
and what alterations shall be made in the way, is conclusive in
an action at law upon all parties, and can only be inquired into
upon a writ of *certiorari.*

A petition for a writ of *certiorari* to quash proceedings of
county commissioners is addressed to the judicial discretion of
the court; and the whole record is to be considered and exam-
ined. The writ is not granted for formal or technical errors, or
for substantial errors where rights are not prejudiced thereby, or
for formal defects of notice, or where the proceedings have been
long acquiesced in by the parties in interest and other rights have
intervened, or where the consequences would be ruinous or mis-
chievous if the proceedings were quashed, or where parties cannot
be placed in *statu quo.* *Ex parte Miller*, 4 Mass. 565. *Gleason*
v. *Sloper*, 24 Pick. 181. *Rutland* v. *County Commissioners*, 20
Pick. 71. *Hancock* v. *Boston*, 1 Met. 122. *Cobb* v. *Lucas*, 15
Pick. 1, 4. And under Gen. Sts. *c.* 145, § 9, this court may
enter such judgment or order as law and justice may require ; or
may vacate the illegal proceedings, and order the commissioners
themselves to correct the irregularity. *Lowell* v. *County Com-
missioners*, 6 Allen, 131. *Haverhill Bridge* v. *County Commis-
sioners*, 103 Mass. 120.

It is obvious that to try the validity of such a record, or of so
much of it as is presented in an action at law, when the court
is limited in its powers, would be to subvert the well established
practice, and we might have the anomaly presented of this court
declaring proceedings invalid in an action at law, and refusing to
quash them on a petition for *certiorari.*

But the plaintiff's right of action does not depend alone upon
want of jurisdiction in the county commissioners, or upon alleged

irregularity in their proceedings. The declaration alleges that the defendant wantonly, negligently and improperly placed large quantities of earth upon the street, and graded the same in such a careless, negligent and improper manner as greatly to damage and incommode her in the occupation of and access to her estate. Under this allegation she offered evidence at the trial tending to prove that the way was raised higher than was authorized by the order of the commissioners, thereby causing greater damage to her estate than would otherwise have been done.

This is a cause of action wholly independent of the defendant's liability for acts done within the authority conferred by the order of the commissioners. For all damage done to the plaintiff within the limits of that authority, the only remedy is by an application to the county commissioners. Gen. Sts. *c.* 63, § 21. The measure of compensation in such proceedings is the injury which was caused by raising the street six feet and four inches, according to the authority given by the order of the commissioners. To this extent the corporation may claim the protection of the authority under which it acted, as against an action at common law. But for anything done in excess of that authority, or unskilfully or negligently done within it, to the special injury of the plaintiff, she may have her action of tort. The plaintiff would otherwise be without remedy. *Wheeler* v. *Worcester,* 10 Allen, 591. *Mellen* v. *Western Railroad Co.* 4 Gray, 301.

The evidence offered may show special and peculiar damage to the plaintiff. The wrong is none the less actionable because it is committed in such a way that the defendant may be liable to a public prosecution. Both modes of redress may exist and be pursued at the same time. *Commonwealth* v. *Vermont & Massachusetts Railroad Co.* 4 Gray, 22. *Wesson* v. *Washburn Iron Co.* 13 Allen, 95.

Nor is it a question of the mode in which a compliance with the order of the commissioners is to be enforced when only public interests are involved. The protection of such interests may well be left to public prosecution, or to such proceedings in equity or otherwise as the statutes may require.

It is not necessary to inquire whether the verbal acceptance of the work by the county commissioners was a valid acceptance. They were acting in this respect as public officers, in reference to public convenience only. An acceptance, however formal, cannot deprive the plaintiff of a right of action founded upon a private injury, whatever may be its effect upon public rights.

The conclusion therefore is, that the county commissioners had jurisdiction; that their record cannot be inquired into in this action; but that the plaintiff can maintain her action, and try the questions whether the street was raised higher than the order of the county commissioners directed, and what special damage resulted to her therefrom. The verdict, therefore, must be set aside and a                                 *New trial granted.*