PATRICK CARR vs. EDWARD DOOLEY.

Middlesex. January 9. — March 5, 1877.

Under the St. of 1869, c. 111, § 1, providing that the "mayor and aldermen of any city" "may lay, make and maintain all such main drains, or common sewers, as they shall adjudge to be necessary for the public convenience or the public health, through the lands of any persons or corporations," the mayor and aldermen of a city may construct a sewer in a public street, and may also determine, without a recorded vote, the materials of which it shall be constructed.

The Gen. Sts. c. 48, § 9, providing that all drains and common sewers shall be made with brick or stone, or such other material as the selectmen of the town shall permit or direct, apply only to towns.

CONTRACT: 1st, upon a covenant against incumbrances in a deed of land in Lowell; 2d, upon a special promise to pay whatever assessment should be made against the land, by the city of Lowell, for building a sewer, then in process of construction by the city. Writ dated November 18, 1873. Answer, a general denial.

After the decision reported 119 Mass. 294, the case was tried in the Superior Court, without a jury, before *Colburn,* J., who allowed a bill of exceptions in substance as follows:

There was evidence that the plaintiff purchased of the defendant the premises described in the writ, June 8, 1870, by deed of quitclaim of that date, with the usual covenants of seisin, right to convey and against incumbrances. There was evidence that a common sewer, known as the Cedar Street sewer, was open and in process of construction by the city of Lowell, abutting on the premises, during the negotiations for the purchase, and that the plaintiff called the defendant's attention to said sewer, and asked, "Who is to pay for this sewer?" to which the defendant replied, "I will pay all that. You shall not be called upon to pay a cent for it."

There was evidence that the original petition, praying the city council of Lowell to lay out and build said sewer, was signed by the defendant and others, abutters thereon, and presented to the city council on April 12, 1870, and referred in concurrence to the joint standing committee on sewers and drains; that the committee appointed a time and place for a public hearing of all persons interested therein, and caused due written notices

thereof to be served on the defendant and on all others abutting
on the sewer; that the committee introduced and recommended
the passage of a joint resolution by the city council, authorizing
and directing the mayor and aldermen to lay out and build the
sewer; that the resolution was passed and enacted by the city
council, May 24, 1870, and on the same day a resolution was
passed by the mayor and aldermen to build said sewer.     The
first named resolution was in these words: "That the mayor and
aldermen be authorized and instructed to lay a common sewer
from the Crosby Street sewer, through Cedar Street, to Keene
Street, the size of the sewer to be twelve inches in diameter, and
that the expense of the same be charged to the appropriation for
sewers and drains;" and the last named resolution was in these
words: "That a common sewer be laid in Cedar Street, from
the Crosby Street sewer to Keene Street, the size of the sewer
to be twelve inches in diameter, and that the expense of the
same be charged to the appropriation for sewers and drains."
There was evidence that the sewer was laid out and constructed
by the city of Lowell, under the charge of the superintendent
of streets, who made his report of the expense thereof to the
mayor and aldermen on September 23, 1870, giving the plain-
tiff's name as the owner of the lot conveyed by said deed, and
that the mayor and aldermen, on September 27, 1870, assessed
against the estates abutting on the sewer, for the expense of
building the same, $978.41, and apportioned that sum on the in-
dividuals occupying said estates, and a demand in writing for
the payment thereof was made by the treasurer of the city of
Lowell, (the amount so demanded of the plaintiff being $37.55,)
which was paid to the city February 28, 1871.

On October 28, 1863, the following ordinance was duly passed
by the city council of Lowell, and has been in force ever since:
"Every main drain or common sewer, hereafter constructed in
any street, highway or public place in the city, shall be built of
such materials and dimensions, and in such manner, as the mayor
and aldermen may order." The St. of 1841, c. 115, was accepted
by the city of Lowell, April 2, 1842.

There was no location of the sewer, or other direction or order
as to its size, location, materials or manner of building, made
by the city council, or by the mayor and aldermen, except what

ıs contained in the two resolutions, passed May 24, 1870. The affidavit and report of expenses of the superintendent of streets showed that the sewer was built of cement drain pipe.

Upon these facts and evidence, the defendant contended that the plaintiff could not recover on either count, and asked the judge so to rule. The judge refused so to do, but found for the plaintiff, and assessed damages at $37.55, and interest from February 28, 1871, and ordered judgment accordingly. The defendant alleged exceptions.

*D. S. Richardson & G. F. Richardson,* for the defendant.

*C. R. Blaisdell,* for the plaintiff.

MORTON, J. The mayor and aldermen laid out and made the Cedar Street sewer under the St. of 1869, *c.* 111, the first section of which provides that " the mayor and aldermen of any city, and the selectmen of any town, may lay, make and maintain all such main drains or common sewers as they shall adjudge to be necessary for the public convenience or the public health, through the lands of any persons or corporations." The defendant contends that this gives the power to make drains or sewers only " through the lands of any persons or corporations," and therefore that the mayor and aldermen of Lowell had no authority to make a sewer in a public street. But such could not have been the intention of the Legislature. The St. of 1869 was intended as a substitute for the Gen. Sts. *c.* 48, §§ 1–3, the purpose being to confer upon all cities and towns the additional right of laying drains through private lands as well as in the public streets. Construing the statute in view of the subject matter and the known public necessities and usages in regard to it, it is clear that such was the intention and purpose of the Legislature. This construction was adopted in *Woodbridge* v. *Mayor & Aldermen of Cambridge,* 114 Mass. 483, and in *Carr* v. *Dooley,* 119 Mass. 294. The point was not raised in those cases, but both court and counsel assumed this to be the true construction.

The mayor and aldermen of Lowell, therefore, had authority to lay the sewer in question, and to make the assessment upon the plaintiff's land, under the Gen. Sts. *c.* 48, §§ 4, 5, which, by the last section of the St. of 1869, " apply to the laying out of sewers and drains under this act." St. 1869, *c.* 111, § 4.

The defendant also objects that the assessment was illegal because the sewer was built of "cement drain pipe" instead of brick or stone, and because the vote of the mayor and aldermen, laying it out, does not specify the materials of which it was to be built. Neither of these objections can prevail. The Gen. Sts. c. 48, § 9, providing that all sewers shall be made with brick or stone, or such other materials as the selectmen of the town shall permit or direct, apply only to towns. The power to lay and make drains, given to the mayor and aldermen of a city by the St. of 1869, involves the power to determine the size, materials and mode of construction. And it is not necessary to the validity of their action, that there should be a formal vote specifying the materials. This sewer was built under the orders of the mayor and aldermen, and accepted by them. Like many other ministerial duties of the officers of cities and towns, the orders as to the materials and other details of construction may be made without a recorded vote.          *Exceptions overruled.*