## FITCHBURG RAILROAD COMPANY *vs.* NEW HAVEN AND NORTHAMPTON COMPANY.

Franklin.    Sept. 19, 1882. — April 6, 1883.    FIELD, COLBURN & HOLMES, JJ., absent.

A statute authorized the extension of a railroad, and provided that it should not cross any existing railroads at grade, and that all necessary structures for crossing under grade should be subject to the approval of the railroad commissioners. A plan for the proposed structure by which a railroad was to be crossed was prepared and submitted to the railroad commissioners, and, a hearing being had, was approved by them. After the hearing, and before being notified of the approval, the railroad company whose location was to be crossed extended a siding so as to make a second track at the point of crossing. The other railroad company tore up this siding, and removed the embankment supporting the same. The track of the railroad, as it existed at the time of the hearing, was not disturbed, and the extension of the railroad was constructed under the same, in accordance with the plan proposed to, and approved of by, the commissioners. *Held*, that the railroad company whose location was thus interfered with could not maintain a bill in equity against the other railroad company to restrain it from tearing up the siding and removing the embankment, and to recover damages for such acts.

BILL IN EQUITY to restrain the defendant from entering upon the plaintiff's railroad, tearing up one of the tracks thereof, and excavating and removing the embankment supporting the same ; and to recover damages therefor.    Hearing before *C. Allen*, J., who reserved the case for the consideration of the full court; such decree to be entered as law and justice might require.    The facts appear in the opinion.

*G. A. Torrey*, for the plaintiff.

*H. B. Stevens*, for the defendant.

DEVENS, J.    The St. of 1880, *c.* 26, authorized the extension of the defendant's railroad, and it was contemplated that the extension proposed would involve a crossing of existing railroads. The statute contained a proviso " that the extensions herein authorized shall not cross any existing railroads, on a grade level therewith, and that all necessary structures for crossing under the grade thereof shall be subject to the approval of the railroad commissioners and shall be constructed at the expense of the New Haven and Northampton Company."    A plan for the proposed structure by which the plaintiff's road was to be crossed was prepared and submitted to the railroad

commissioners; and, a hearing being had, the commissioners, as appears by their record, approved the "plan of the proposed structure for crossing under said branch" (the plaintiff's railroad), " and will approve such structure if upon examination it shall appear to be properly constructed." Of this decision the parties were informed upon the next day; but after the hearing, and before receiving this information, the plaintiff had extended a spur or siding so as to make at the point of crossing a second track. The acts complained of are the tearing up of the siding and the removal of the embankment supporting this second track. The plaintiff's track as it existed at the time of the hearing was not disturbed, and the defendant's road was constructed under the same, in accordance with the plan proposed to, and approved of by, the commissioners.

The power of the State to take for public use the franchise of a corporation, as well as other property, or to subject or devote its property to other or similar public uses, is not disputed. It was clearly competent for the Legislature to authorize the defendant with its road to cross that of the plaintiff, upon such terms as it deemed wise and just.

The plaintiff does not contend that, after the hearing, it could have wantonly covered its location with tracks for the purpose of embarrassing the defendant; but that, as it in good faith extended another track over the portion of its location where the defendant's road was to cross, before it received notice that the commissioners had approved the structure for that purpose which had been proposed, it was the duty of the defendant to obtain the approval by the commissioners of some other appropriate structure by which the second track would be crossed, before it proceeded.

The determination of the commissioners could only be made with reference to the railroad considered as a structure as it existed when their approval was requested. The authority given by the statute to the defendant was an authority to cross the entire location of the plaintiff's railroad, provided the structure for crossing under the grade thereof met the approval of the commissioners. When this was obtained, the right of the defendant to cross, using the structure approved of, was complete. The motives of the plaintiff cannot be important; the

inquiry is whether it could rightfully change the condition of facts upon which the commissioners had been called upon to decide, so as to deprive the defendant of the benefit of their approval of the structure by which it would be able to cross the plaintiff's road. If it could do this before their decision was announced, it might equally do so after such approval, certainly at any time before the erection of the structure, as approved, commenced. Such cannot, we think, be a correct construction of the rights which the defendant obtained under the statute, and would tend to serious embarrassment. Having complied with all that was necessary to avail itself of the authority given by the statute in order to cross the plaintiff's railroad, it would still be unable to do so, because the plaintiff had seen fit to change the condition of affairs. In such case, it would be for the plaintiff to apply to the commissioners for a revision of their order of approval, which should cause the structure for the crossing to be adapted to such changed condition. This not being done, the defendant might act upon the approval already given, and cross the plaintiff's road by the structure which it contemplated.

When under the Gen. Sts. *c.* 63, §§ 48–62, and the St. of 1865, *c.* 239, county commissioners have acted in the regulation of railroad crossings over highways, which is a matter within their jurisdiction, their record ordering in what manner the crossing shall be constructed is conclusive in an action at law upon all parties. *Brewer* v. *Boston, Clinton & Fitchburg Railroad*, 113 Mass. 52. In like manner, the record of the railroad commissioners approving the manner in which one railroad is to cross another, by its approval of the structure therefor, under a statute which authorizes the crossing upon such approval, should be conclusive, so long as it remains unmodified or unreversed.                                    *Bill dismissed.*