## COMMONWEALTH *vs.* MARSHALL H. ABBOTT.

Essex.   November 10, 1893. — January 2, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Sewer — Order of City Council — Adjudication of Necessity — Unrecorded Waiver of Damages — Certiorari.*

On a complaint under St. 1890, c. 132, against the defendant, for maintaining a building not connected with a public sewer, although required to connect it by the board of health, it appeared that the city council, under its charter, ordered the committee on drainage " to extend Section 3 of the Eastern Intercepting Sewer from its present terminus through C. and New C. Streets to W. Avenue "; that the sewer was laid through private land below the point where it passed the defendant's house, without other authority than the statute and the landowners' unrecorded waiver under seal of damages, and that it was laid through the defendant's land at a place above his own house, and the defendant neither had licensed it nor had been paid for it.   *Held,* that the order was sufficiently definite, and implied an adjudication of necessity ; that the sewer was lawful below the defendant's house, and that it was immaterial that the waiver was not recorded ; that if the sewer was unlawful where it crossed the land above, it was not made unlawful throughout ; that the failure to keep the plan of the sewer in the city clerk's office had no bearing on the proceedings ; and that a short answer to most of the defendant's objections was that they could be taken only by certiorari.

APPEAL, from a judgment upon a complaint from the police court of Lynn, charging that the defendant on May 2, 1892, " did own and maintain a certain building situated on a public street in said Lynn, in which said street there is a public sewer, without connecting with said public sewer as required by St. 1890, c. 132, § 1, of said Commonwealth, and the regulations of the board of health of said city of Lynn."   Trial in the Superior Court, before *Dunbar,* J., who reported the case, at the defendant's request, for the determination of the Supreme Judicial Court, in substance as follows.

On the day named in the complaint, the defendant owned and maintained a dwelling-house situated and abutting upon New Chatham Street, a public street in Lynn, through which street a sewer was then laid under an order of the city council of Lynn, as follows : " Ordered, that the committee on drainage be and hereby is instructed to extend Section 3 of the

Eastern Intercepting Sewer from its present terminus through Chatham and New Chatham Streets to Western Avenue." The sewer extended from Old Chatham Street and from a point near Saratoga Street through private land of the defendant never taken by the city by purchase, by the right of eminent domain, or otherwise, except as herein stated, or by any license from the defendant, unless his allowing the sewer to remain there should be construed as such license, and thence through New Chatham Street and past the building in question situated on New Chatham Street; thence, by other orders formally adopted, through Marianna Street and private land to Collins Street; thence across Collins Street and other private land into Goodwin's Court; and so on, through various streets and private lands of different proprietors, to the sea.

This sewer was constructed at the expense of the city, but the mayor and aldermen never adjudged this sewer to be necessary for the public convenience or public health. It was agreed that the city charter, which was duly accepted, being St. 1850, c. 184, in § 15 provides that "the city council shall have authority to cause drains and common sewers to be laid down through any streets or private lands, paying the owners such damage as they may sustain thereby." It was also agreed that the city from time to time had received in payment sums of money from people owning buildings upon the streets through which the sewer passed for the privilege of opening their particular drain into the same.

The private lands through which the sewer was laid, both above and below the point where the dwelling-house was situated, were never taken by the city by purchase or by right of eminent domain except as herein stated, or by license from any of the owners of such lands, unless a waiver of damages under seal signed by them of the tenor following should be construed as such license: "We, the undersigned, in consideration of one dollar paid by the city of Lynn, the receipt whereof is hereby acknowledged, do hereby waive any and all damages that have accrued or may hereafter accrue to us or either of us by the construction and maintenance by said city of a sewer through and in land belonging to us," which waiver was never acknowledged or recorded.

The defendant never signed the waiver or any paper of such

purport, or gave the city any actual license whatever to lay the sewer through his land.

No plan of the sewer was ever kept in the office of the city clerk, but a plan was kept in the office of the city engineer, which office was in the same building with the city clerk's office.

It was further agreed that there was in the city a duly and legally constituted board of health, and that the defendant was required seasonably, before the day named in the complaint, by the board, by due and proper notice, to connect his said dwelling-house, building, and premises with the sewer, which he refused to do before the complaint was made.

The defendant requested the judge to rule that, if he should rule that the statute was constitutional, he should rule that the jury would not be warranted in finding a verdict of guilty upon the foregoing facts. The judge declined so to rule, and the defendant submitted to a verdict of guilty, which was returned by the jury.

If the ruling requested should have been given, the verdict was to be set aside and a new trial granted; otherwise, judgment was to be entered on the verdict.

*D. O. Allen*, for the defendant.

*W. H. Moody*, District Attorney, for the Commonwealth.

HOLMES, J. This is a complaint against the defendant under St. 1890, c. 132, for maintaining a building not connected with a public sewer, although required to connect it by the board of health. The constitutionality of the act now is admitted: *Commonwealth* v. *Roberts*, 155 Mass. 281. The commission of the offence also is admitted, subject only to the question whether the sewer was a public sewer.

The city council attempted to lay out the sewer under the authority conferred upon it by the charter. St. 1850, c. 184, § 15. If the charter was repealed by St. 1869, c. 111, Pub. Sts. c. 50, §§ 1–3, it is not argued that the order of the mayor and aldermen was invalidated by the assent of the common council. *Woodbridge* v. *Mayor, &c. of Cambridge*, 114 Mass. 483, 485.

The form of the order was as follows: " Ordered, that the committee on drainage be and hereby is instructed to extend Section 3 of the Eastern Intercepting Sewer from its present terminus through Chatham and New Chatham Streets to West-

ern Avenue." It is suggested, without being pressed, that this order is void for indefiniteness. But no set form of words is required. Both ends of the sewer and the streets through which it is to run are fixed, and a present intention to establish the sewer is expressed. This is enough. *Bennett* v. *New Bedford*, 110 Mass. 433, 437. *Carr* v. *Dooley*, 122 Mass. 255, 257. *Sheehan* v. *Fitchburg*, 131 Mass. 523. It is argued with more confidence, that there should have been an express adjudication that the sewer was necessary for the public convenience or the public health. By Pub. Sts. c. 50, § 1, the authority conferred is to lay such drains " as they adjudge to be necessary," etc. But it was assumed in the last two cases cited that a sewer might be laid out without an express adjudication of necessity. In *Woodbridge* v. *Mayor, &c. of Cambridge*, also, the papers disclose no such adjudication. " This necessity is sufficiently implied in their action on the subject; inasmuch as they can act only in such a case." *Townsend* v. *Hoyle*, 20 Conn. 1, 8. Mr. Dillon adds the weight of his opinion to the same view. Dillon, Mun. Corp. (4th ed.) § 601. *Wellesley* v. *Washburn*, 156 Mass. 359, 360. See *Hildreth* v. *Lowell*, 11 Gray, 345, 352, 353; *Jones* v. *Andover*, 9 Pick. 146, 154.

The sewer is laid through private land, below the point where it passes the defendant's house, without other authority than the statute and the landowners' unrecorded waiver under seal of damages for the construction or maintenance of a sewer through and in their land. It is suggested that enough has not been done to make this part of the sewer lawful, and that the defendant, if he connects with it, may find himself incurring liability for trespass. But, without considering other questions, the charter and the Public Statutes both give a right to lay the sewer through private lands, paying the owners their damages, and the waiver, as it is called, disposes of the claim for damages. We do not see what more is to be done, or how it is material that the release of damages is not recorded. See *Isele* v. *Schwamb*, 131 Mass. 337, 339; *Grover* v. *Flye*, 5 Allen, 543. The sewer also is laid through the defendant's land at a place above his house, and the defendant neither has licensed it nor has been paid for it. But even if this made the laying of that portion of the sewer wrongful, it would not make the whole lay-out void.

We hardly need to say that the failure to keep the plan in the city clerk's office (Pub. Sts. c. 50, § 14) has no bearing on these proceedings.

We have dealt with the defendant's arguments and objections in detail, but the short answer to most of them is that they are not open in this proceeding, but can be taken only by certiorari. *Brewer* v. *Boston, Clinton, & Fitchburg Railroad*, 113 Mass. 52, 56, 57. *Old Colony Railroad* v. *Fall River*, 147 Mass. 455. *Taft* v. *Commonwealth*, 158 Mass. 526, 551.

*Judgment on the verdict.*