SELECTMEN OF HOLLISTON *vs.* NEW YORK CENTRAL AND
HUDSON RIVER RAILROAD COMPANY.

Suffolk. January 17, 1907. — May 14, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*County Commissioners. Equity Jurisdiction,* To enforce performance of order of
county commissioners. *Equity Pleading and Practice,* Estoppel by agreement at
hearing, Appeal. *Railroad. Way.*

Where a board of county commissioners act within their jurisdiction and do not
exceed their statutory powers their final decrees cannot be attacked collaterally.
An order of a board of county commissioners, upon a petition by the selectmen of
a town under R. L. c. 111, § 132, alleging that a certain railroad so crosses a
public way of the town as to obstruct it contrary to the provisions of § 124 of
the same chapter, directing the corporation operating the railroad to restore the
way to its former width in a certain manner within a time named, is within the
jurisdiction of that board, and, in a suit in equity brought by the selectmen
of the town against the corporation operating the railroad to compel perform-
ance of the order, it is not open to the defendant to show that the commis-
sioners in making their order came to wrong conclusions of law or fact, their
order being final unless corrected or reversed on certiorari.
Under R. L. c. 111, § 132, now St. 1906, c. 463, Part II. § 115, the county commis-
sioners can prevent corporations operating railroads from obstructing highways
which they cross, not only under the conditions of travel which existed when
the railroads were built, but also under the conditions which exist at any time
during their operation.
If in a suit in equity by the selectmen of a town against a corporation operating a
railroad, to compel the defendant to perform an order of the board of county
commissioners under R. L. c. 111, § 132, determining that the railroad of the
defendant so crosses a public way of the town as to obstruct it contrary to the
provisions of § 124 of the same chapter and ordering the defendant to restore
the way to its former width in a certain manner within a time named, the parties
agree at the hearing that the jurisdiction of the county commissioners and their
right to make the order depend upon the question of fact whether the defend-
ant's railroad does so cross the way in question as to obstruct it contrary to the
provision of the statute, and the justice who hears the case finds as a fact that
it does not, and makes a decree that the bill be dismissed, from which the plain-
tiffs appeal, the justice appointing a commissioner to take the evidence and
report it to this court, the plaintiffs are not estopped by their agreement
at the hearing from contending before this court that the order of the county
commissioners was final.

BILL IN EQUITY, filed in the Supreme Judicial Court on July
15, 1906, by the selectmen of the town of Holliston against the
New York Central and Hudson River Railroad Company, a cor-

poration established under the laws of the State of New York, operating as lessee the railroad of the Boston and Albany Railroad Company, a corporation organized under the laws of this Commonwealth, to compel the performance of an order of the county commissioners of the county of Middlesex made on January 6, 1906, upon the petition of the plaintiffs under R. L. c. 111, § 132, determining that the railroad operated by the defendant so crosses Highland Street in the town of Holliston as to obstruct that public way contrary to the provisions of R. L. c. 111, § 124, and ordering that the defendant should restore the way to its former width in a certain manner and within a time named and should pay the costs of the petition and of "said repairs."

The case was heard by *Sheldon*, J. "Both parties agreed at the hearing that the jurisdiction of the county commissioners over this petition and their right to make any decree thereon depended upon the question of fact whether the defendant's railroad did so cross Highland Street in the town of Holliston as to obstruct it contrary to the provisions of R. L. c. 111, § 124, as stated in § 132 of that chapter."

The justice found, among others, the following facts:

"It appeared, and I find, that the Boston & Worcester Railroad Corporation, whose rights the defendant corporation now holds as lessee of the Boston & Albany Railroad Company, as stated in the bill and answer, in the year 1847 constructed a branch railroad from South Framingham to Milford, passing through Holliston and under said Highland Street. Highland Street, then called the Phipps or the Phipps Hill road, was, and ever since has been, a public way. At the point of crossing this way passed over a hill called Phipps Hill. The railroad was constructed here by means of an open cut through Phipps Hill, extending about an equal distance on each side of the way. After the tracks were laid this cut was arched over with brick and stone, and filled in over the arch with earth for a length of about eighty feet, in the middle of which was the way. The earth was filled in to its original level at the place of the way, and was graded down from each side of the way to the end of the arch on that side, at a slope of about thirty-three and a half degrees. Up to this time there had been stone walls along each

side of the way, which had marked its actual bounds.    These walls were not replaced by the railroad company after constructing its road, but instead it put up fences, the fence on the easterly side of the way being in substantially the same position that the stone wall had been, but that on the westerly side of the way being moved in, so as to make the way over the railroad location, and for a few feet on each side of the location, some ten or twelve feet narrower than it had been.    The railroad company did this in the year 1847.    It did not appear whether or not any decree had been made authorizing this mode of construction or this action of the railroad company, except so far as this is shown by the recitals in the decree entered by the county commissioners.

" No objection appears to have been made to this action either by the county commissioners, the selectmen of Holliston or anybody else; and the fences remained in this position until the washout, hereinafter mentioned, in or soon after 1872.    It did not appear what part of the way was wrought for travel during this time; and there was no evidence that any inconvenience was caused to any one having occasion to use the way, or that there was practically any obstruction thereof; but the apparent width of the way was diminished by the fences having been placed in the positions aforesaid.    In the year 1872, 1873 or 1874 — it did not certainly appear which — a rainstorm caused a washout on the westerly side of the way over the defendant's location, by which the earth was carried away for a distance of three or four feet inside of the westerly fence.    Thereupon this fence was moved about three feet farther in, narrowing the way to this additional extent.    It did not appear by whom this change was made, but this fence has ever since remained in its new position.    It became worn out in 1882, and was then renewed by the railroad company.    There was no evidence that any inconvenience was caused to any one by this further narrowing, or that any practical obstruction of the way resulted therefrom; nor did it appear what part of the way as thus narrowed was then or ever wrought for travel.    All persons, so far as appeared, acquiesced in this new position of the fence, and no one, public or private, made any objection thereto until October 30, 1905, when the plaintiffs, as selectmen of Holliston, filed their petition as averred in the bill."

The justice found that the order was made by the county com-

missioners as alleged in the bill, and that the defendant had not complied with it, asserting that it was invalid and void. The justice concluded his findings as follows:

" There was no evidence before me of what was put in evidence before the county commissioners, or what contentions were made before them by either party, or what rulings or findings they made, except as appears by their decree and its recitals.

" On the whole evidence I find that the defendant's railroad does not so cross Highland Street as to obstruct it contrary to the provisions of the statute; and under the agreement of the parties, and without passing upon the other disputed questions, I rule that the bill cannot be maintained."

At the request of both parties the justice appointed a commissioner to take the evidence to be reported to the full court. He made a decree that the bill be dismissed; and the plaintiffs appealed.

*J. E. Talbot,* ( *G. H. McDermott* with him), for the plaintiffs.

*W. Hudson,* (*G. P. Furber* with him,) for the defendant.

BRALEY, J. A board of county commissioners duly organized constitutes a court clothed with judicial functions, and ministerial duties, conferred by statute, and their final decrees until set aside are to be given the same effect and degree of conclusiveness which generally attach to judgments of judicial tribunals. *Smith* v. *Boston,* 1 Gray, 72. *Brewer* v. *Boston, Clinton & Fitchburg Railroad,* 113 Mass. 52, 56, 57. *Plummer* v. *Waterville,* 32 Maine, 566. *Homer* v. *Fish,* 1 Pick. 435, 439. *Cooper* v. *Reynolds,* 10 Wall. 308. Whenever given authority to hear and determine matters submitted to them, the regularity of the proceedings, or the validity of the decision, if they made an error of law, can be inquired into only on certiorari, by which the entire record is brought up for examination. *Foley* v. *Haverhill,* 144 Mass. 352, 353. Until thus reviewed the record reciting and setting forth their action is conclusive upon the parties in interest, and not subject to impeachment by collateral attack, unless it appears that the board was without jurisdiction of the subject matter, or the order made exceeded their statutory powers. *Old Colony Railroad* v. *Fall River,* 147 Mass. 455. *Nichols* v. *Boston & Maine Railroad,* 174 Mass. 379. *Ahearn* v. *Middlesex County,* 182 Mass. 518,

520. If, therefore, the order upon which the plaintiffs rely was within the jurisdiction of the county commissioners, and in terms is sufficiently definite, it should be enforced by an appropriate decree. By the St. 1906, c. 463, the statutes relating to railroads were codified and by Part II. § 258 of that statute R. L. c. 111, which was in force when the order was passed, was repealed. But by the following section of the same statute any right already accrued was expressly preserved, and it was provided further, that so far as they were the same, the provisions of the codifying act should be construed as a continuation of existing statutes. By R. L. c. 111, § 124, a railroad company whose location extended over a public way was required to construct its railroad · so that it would not obstruct the way, and, unless a crossing at grade was authorized, the railroad must pass either under or over the way. The defendant admits that in the year 1847 the Boston and Worcester Railroad Corporation, to whose franchise it has succeeded, constructed the railroad now operated, under a street which then was and ever since has been a public way in the town of Holliston. Because of certain alleged encroachments by the railroad upon the width of the way, either as originally laid out or established by prescriptive use, the selectmen of the town petitioned the county commissioners for relief under R. L. c. 111, § 132. The remedy given by this section is independent of the provisions of §§ 133 to 139, whereby, after a crossing has been constructed to pass either over or under the way, changes in the method employed may be ordered upon the petition either of the directors of the railroad corporation or of the mayor and aldermen of a city or the selectmen of a town within whose limits the crossing is situated. *Boston & Albany Railroad* v. *County Commissioners*, 164 Mass. 551, 554. *Nichols* v. *Boston & Maine Railroad, ubi supra.* In their petition the inquiry submitted was, whether the railroad was so constructed and maintained across the street as unreasonably to obstruct its use by the public. Obviously this question would have to be determined upon evidence as to the location of the way and the exigencies of public travel. The broad contention of the defendant is that the decree entered after a hearing was without authority of law. It strongly urges in support of this position,

that as the statutes at that time did not require the consent of
the county commissioners, the original lay out and construction
of the crossing not only were valid but under R. L. c. 53, § 1,
after the lapse of time which had intervened since the setting of
the first fence, or at common law after the second fence was
built, they had no power subsequently to take action, even if it
appeared to their satisfaction that the railroad so crossed the
way at the time of filing the petition as to obstruct it. Rev.
Sts. c. 39, §§ 67, 68. St. 1846, c. 271, § 1. But in so far as the
argument rests on the recital in their record, "that the con-
struction of said crossing as carried out was unauthorized," it
may be said that if this is an error of law it does not affect their
jurisdiction. *Ahearn* v. *County Commissioners, ubi supra.* The
board had ample authority to make this inquiry, and to proceed
to an adjudication ; for the obligation of the defendant's prede-
cessor, and of the defendant, which controls and operates the rail-
road, not to obstruct the way is not confined to conditions of travel
as they existed when the railroad was built. *Commonwealth* v.
*New Bedford Bridge,* 2 Gray, 339. *Cooke* v. *Boston & Lowell
Railroad,* 133 Mass. 185. See *Davis* v. *County Commissioners,*
153 Mass. 218, 227. Or as was said in *Dickinson* v. *New Haven
& Northampton Co.* 155 Mass. 16, 20, where this question was
considered, " Railroad companies which lay out their railroads
across existing highways are made subject to the jurisdiction of
the county commissioners in respect to their duty of not obstruct-
ing the highways, not only at the outset, but continuously. The
general policy of the Legislature is to authorize the county com-
missioners to put upon the railroad companies the burden of
keeping the highways free from obstructions which result from
building railroads across existing highways. To this end, the
county commissioners may at the outset pass such decrees as
seem suitable for the purpose; and if necessary to pass further
decrees at a later date, jurisdiction is conferred upon them to
enable them to do it." This construction, moreover, is amply
supported by the very words of the statute found in § 132: " If
. . . it appears that the road so crosses a public way as to ob-
struct it, or contrary to the provisions of section one hundred
and twenty-four," which required that a railroad should be so
constructed across a public way as not to obstruct it, the county

commissioners may make a decree " prescribing what repairs shall be made by the corporation at the crossing, and the time within which they shall be completed." The position taken by the defendant is certainly no stronger than if the crossing originally had been established by decree of the commissioners under § 126, but, even then, compliance therewith in the beginning would not have relieved the company subsequently from making changes, if in the judgment of the commissioners they had become reasonably necessary to prevent the way from being so narrowed as to impede public travel. R. L. c. 111, § 3. St. 1906, c. 463, Part II. § 3. *Dickinson* v. *New Haven & Northampton Co., ubi supra.* By § 140 in the most comprehensive terms the county commissioners are given original jurisdiction of questions relating to obstructions in the public ways, which are caused either by the construction or operation of railroads, and this has been the law since the St. 1849, c. 222, § 4; Gen. Sts. c. 63, § 62; St. 1874, c. 372, § 102; Pub. Sts. c. 112, § 135; St. 1906, c. 463, Part II. § 117; *Springfield* v. *Connecticut River Railroad,* 4 Cush. 63, 68; *Boston & Maine Railroad* v. *Lawrence,* 2 Allen, 107, 110; *Flanders* v. *Norwood,* 141 Mass. 17, 19. When the plaintiffs as selectmen petitioned the commissioners that the defendant be required to restore the way to its original width, and as it existed at the time when the crossing was first established, the board having been given jurisdiction of the subject under inquiry were empowered to hear and determine whether the way was actually obstructed, by being rendered inconvenient for travel by the acts of the defendant. If after a hearing it was found that such obstruction existed, then they were authorized to direct whatever alterations by way of repairs were reasonably necessary to restore the way, but not to exceed its original boundaries when ascertained. *Roxbury* v. *Boston & Providence Railroad,* 6 Cush. 424, 438. *Old Colony Railroad* v. *Fall River, ubi supra; Dickinson* v. *New Haven & Northampton Co., ubi supra.* At the hearing for the determination of these questions, all inquiries of fact as to the boundaries of the way, its width when the crossing was built and what encroachments if any had been made by the defendant were not only open but exclusively within their power to decide. *Roxbury* v. *Boston & Providence Railroad,* 2 Gray, 460, 466. Such

an inquiry necessarily must be full and precise, extending to all the details which are requisite for the entering of a decree, and stating the nature and extent of the repairs ordered with such definiteness that, if the railroad refuses or neglects to comply with it, this court under R. L. c. 111, § 141, now St. 1906, c. 463, Part II. § 118, can compel performance. The decree being sufficiently full and exact, and the board not having exceeded their jurisdiction, no sufficient reason is shown why specific performance should not be decreed. *Roxbury* v. *Boston & Providence Railroad*, 6 Cush. 424. *Roxbury* v. *Boston & Providence Railroad*, 2 Gray, 460.

At the hearing before a single justice the parties agreed, that the jurisdiction of the commissioners to make the decree, depended upon this issue of fact, whether the defendant's railroad at the point of intersection was constructed and maintained in such a manner as to obstruct the way contrary to the provisions of the statute. This issue was decided adversely to the plaintiffs. But under our system of equity practice, an appeal to the full court with a report of the testimony, unless abridged in scope by some stipulation of the parties, brings up all questions either of law or fact which within the pleadings are involved in the controversy. The plaintiffs consequently are not estopped from contending before us, that until reversed or corrected on certiorari the decree of the county commissioners must stand. *Montgomery* v. *Pickering*, 116 Mass. 227. *Goodell* v. *Goodell*, 173 Mass. 140, 146. *Poland* v. *Beal*, 192 Mass. 559.

The decree dismissing the bill must be reversed, and a decree, with costs, is to be entered directing the defendant to comply with the order of the county commissioners.

*Ordered accordingly.*