ATTORNEY GENERAL *vs.* BUREAU OF OLD AGE ASSISTANCE OF CAMBRIDGE.

Suffolk.     December 8, 1948. — March 8, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Old Age Assistance.    Public Welfare.    Mandamus.*

A complete denial of old age assistance by a local board or bureau is a "failure . . . to render adequate assistance" within G. L. (Ter. Ed.) c. 118A, § 3, as appearing in St. 1939, c. 481, and gives the applicant for assistance a right to appeal to the department of public welfare under that statute.

A local bureau of old age assistance, which had denied assistance to an applicant on the ground that he was not a "deserving citizen," was not entitled to rely on that ground as a defence to a mandamus proceeding brought at the relation of the department of public welfare against the bureau to compel compliance with a decision by the department, rendered on appeal by the applicant under G. L. (Ter. Ed.) c. 118A, § 3, as appearing in St. 1939, c. 481, that he was entitled to assistance in a stated amount; the bureau was bound to comply with the department's decision, and therefore no question of discretion was involved and the writ must issue as a matter of law.

PETITION for a writ of mandamus, filed in the Superior Court on July 26, 1948.

The case was heard by *Donahue*, J.

*J. A. Daly*, City Solicitor, for the respondent bureau.

*B. H. Mullaney*, Assistant Attorney General, for the petitioner.

WILLIAMS, J.   This case is before us on the exceptions of

the respondents to the order of a judge of the Superior Court
that a writ of mandamus issue directing that the respond-
ents pay $32.80 a month as old age assistance from Decem-
ber 17, 1946, to one Lewis Parmenter, and to the denial of
certain requests for rulings. The petition for the issuance
of the writ was filed by the Attorney General at the relation
of the commissioner of public welfare. The respondents are
those members of the board of public welfare of the city of
Cambridge who have been designated by said board as the
bureau of old age assistance of said city, established by it
as a division of the board under the provisions of G. L. (Ter.
Ed.) c. 118A, § 2, as amended. The case was heard on the
petition and answer. These pleadings present the follow-
ing facts: On December 17, 1946, Lewis Parmenter made
application to the bureau for old age assistance under the
provisions of G. L. (Ter. Ed.) c. 118A, as amended. On
January 27, 1947, the respondents denied this application.
The applicant appealed to the department of public welfare.
On April 21, 1947, after a hearing by a referee designated by
the commissioner of public welfare, the referee decided in
favor of the appellant and determined that the amount of
assistance to be granted to Parmenter should be the sum of
$32.80 a month from December 17, 1946. This decision was
approved by the commissioner. The respondents were duly
notified of such decision but refused to comply therewith,
their reason being that Parmenter as a matter of law was
not a "deserving citizen" as required by G. L. (Ter. Ed.)
c. 118A, § 1, as amended.

The judge properly denied the requests of the respondents
for rulings that "As a matter of law the writ of mandamus
should not issue," that "Lewis Parmenter is not a deserving
citizen within the meaning of G. L. c. 118A, § 1," and that
"In purporting to order the respondents to pay old age
assistance to Lewis Parmenter, the commissioner of public
welfare exceeded his authority."

In reference to a further request for a ruling that "As a
matter of discretion, the writ should not issue," the judge
ruled "that the writ of mandamus should issue as matter of

law inasmuch as the decision of the commissioner is binding upon the respondents and there is no other way of compelling performance on their part other than by mandamus. If I believed discretion were involved, I would not order a writ to issue." While the issuance of a writ of mandamus is discretionary, such discretion cannot be arbitrarily exercised. *St. Luke's Church in Chelsea* v. *Slack,* 7 Cush. 226. *Peckham* v. *Mayor of Fall River,* 253 Mass. 590. *Elmer* v. *Commissioner of Insurance,* 304 Mass. 194, 199. General Laws (Ter. Ed.) c. 118A, § 3, as amended, provides that "Any person aggrieved by the failure of any town to render adequate assistance under this chapter . . . shall have a right to fair hearing, after due notice, upon appeal to the department . . . . Such hearing shall be conducted by the commissioner of public welfare . . . or a referee designated by the commissioner . . . . The decision of the commissioner or of the designated referee, when approved by the commissioner, shall be the decision of the department. Fair hearings shall be granted upon any appeal in relation to the following matters: 1. The matter of denial of assistance by the local board of public welfare or bureau of old age assistance . . . . Every decision of the department shall be final and binding upon the local board or bureau involved and shall be complied with by such local board or bureau." It is the contention of the respondents that the statute, properly construed, gives a right of appeal only where the extent of the assistance determined by the local board or bureau is at issue and not where there is a complete denial of assistance. It is also urged that the fair hearing to which reference is made in the statute is to be given only if the board or bureau determines the applicant to be eligible for assistance and then denies a grant of assistance. To attach such suggested meaning to the language of the statute seems unwarranted. A failure to render any assistance, if not justified, is a "failure . . . to render adequate assistance." In our opinion the statute provides a right of appeal and a "fair hearing" to one who has been denied relief under the statute.

In what circumstances a citizen is deserving of assistance under the statute is a question of fact to be decided in the first instance by the bureau and, on appeal, by the commissioner or by the referee designated by the commissioner. G. L. (Ter. Ed.) c. 118A, § 3, as amended. As, here, the decision of the referee approved by the commissioner implies a finding that the applicant was a deserving citizen and as the statute makes mandatory a compliance with that decision by the bureau, the judge, as he himself ruled, was not entitled to exercise discretion in the matter of the issuance of the writ. The respondents were bound to comply with the decision of the department. The correctness of that decision may have been subject to question on a writ of certiorari, see *Commissioner of Corporations & Taxation v. Chilton Club,* 318 Mass. 285, 287, and cases cited, but cannot be attacked in answer to a petition for a writ of mandamus to enforce performance of an obligation clearly imposed by statute. *Brewer v. Boston, Clinton & Fitchburg Railroad,* 113 Mass. 52, 56, 57. *Selectmen of Holliston v. New York Central & Hudson River Railroad,* 195 Mass. 299, 302. *Harper v. Board of Appeal of Boston,* 271 Mass. 482, 484. *Scudder v. Selectmen of Sandwich,* 309 Mass. 373, 377. There was no error in dealing with the requests for rulings nor in the order that a writ of mandamus issue.

*Exceptions overruled.*