ATTORNEY GENERAL *vs.* BOARD OF PUBLIC WELFARE OF
WILMINGTON.

Suffolk.    November 5, 1951. — March 4, 1952.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Public Welfare.   Dependent Child.   Quasi Judicial Tribunal.   Mandamus.
Certiorari.*

A decision by a referee of the department of public welfare under G. L.
(Ter. Ed.) c. 118, § 8, as appearing in St. 1939, c. 248, although changed
to the opposite result upon reconsideration by the referee at the rec-
ommendation of a supervisor of appeals, was still the decision of the
referee if it reflected his own honest judgment.

In a mandamus proceeding to compel a local board of public welfare to
comply with a decision of the department of public welfare in favor
of an applicant for aid to dependent children upon an appeal under
G. L. (Ter. Ed.) c. 118, § 8, as appearing in St. 1939, c. 248, it was
proper to exclude evidence offered by the local board to show that
the applicant was ineligible to receive aid: certiorari was the proper
remedy of the local board to challenge the decision of the department
as to the applicant's eligibility.

A writ of mandamus should issue as matter of law to compel a local board
of public welfare to comply with a decision of the department of public
welfare in favor of an applicant for aid to dependent children upon an
appeal under G. L. (Ter. Ed.) c. 118, § 8, as appearing in St. 1939,
c. 248; there was no discretion to refuse the writ even on the ground
of facts alleged to have been discovered after the department's hearing
on appeal.

PETITION for a writ of mandamus, filed in the Superior
Court on October 4, 1950.

The case was heard by *Brogna, J.*

*P. B. Buzzell,* (*G. H. Kidder* with him,) for the respondent.

*H. P. Fielding,* Assistant Attorney General, for the
petitioner.

RONAN, J.   This is an appeal from a judgment entered
upon a petition for a writ of mandamus ordering the respond-
ents as the board of public welfare of the town of Wilmington
to render aid to the dependent children of a certain resident

of that town and to make payments to her in designated amounts in accordance with the decision of the department of public welfare.

Upon the failure of the respondents to grant her relief upon her application filed with them on April 7, 1950, she appealed to the department of public welfare under G. L. (Ter. Ed.) c. 118, § 8, as appearing in St. 1939, c. 248. Section 8, so far as material, provides that a person appealing shall be given a fair hearing which "shall be conducted by a referee designated by the commissioner. . . . The decision of the referee, when approved by the commissioner, shall be the decision of the department and shall be final and binding upon the local board of public welfare involved and shall be complied with by such local board."

The respondents, notwithstanding the plain terms of the statute making the decision of the department of public welfare final and binding upon them and requiring compliance by them, were permitted without any objection to contend and to introduce evidence [1] tending to show that the report approved by the commissioner of public welfare was not the report of the referee who heard the appeal but that of her supervisor. There was evidence that in the first report she submitted she denied the appeal and recommended reapplication after about three months, and that the acting supervisor of appeals, who was responsible for screening the decisions of the referees, studying the evidence that was given at the hearings, comparing the decisions with the evidence, and forwarding them for the commissioner's signature, read the first report of the referee and sent her a memorandum directing attention to certain matters and stating that in the circumstances "it would seem that she [the applicant] should be given a trial" of aid to dependent children. The referee testified that as a result of this mem-

---

[1] Certiorari is commonly the only remedy available to one who has been manifestly injured by a substantial error of law contained in a decision of a board acting in a quasi judicial capacity, whose decisions are by statute made final and binding on the parties. *Opinion of the Justices*, 251 Mass. 569, 614–615. *Hough* v. *Contributory Retirement Appeal Board*, 309 Mass. 534, 535. *Opinion of the Justices*, 321 Mass. 759, 765.

orandum she changed her report and recommended the granting of aid to the applicant. She also testified that, after the receipt of the memorandum, she realized that the decision to be made by her was very much a matter of opinion and there was no reason why her opinion should be the only right one; that she studied the transcript first and then the memorandum to understand the points made in it and thought the points had some weight; and that the second report reflected her honest judgment. If upon further study and consideration she was satisfied in her own mind that she should change her report and submit a second report, she had a right to do so. This would be true even if the memorandum from the acting supervisor was the reason for reopening the matter, provided it was her own free, untrammeled judgment. There was no error in the judge's finding that the decision was her decision. *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31, 33. *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 409–410. *Fine* v. *Commonwealth,* 312 Mass. 252, 257. *DeLuca* v. *Boston Elevated Railway,* 312 Mass. 495, 496.

The respondents next contend that the judge was in error in excluding evidence tending to show that a previous application by the same applicant was withdrawn by her on April 7, 1949, because of fraud in reference to her application, that she was barred by the statute from filing another application within a year, and that the department had no power to entertain the application which was filed on April 7, 1950, and which resulted in the order now sought to be enforced. The statute, G. L. (Ter. Ed.) c. 118, § 10, as appearing in St. 1936, c. 413, § 1, so far as pertinent, provides that "No applicant for aid hereunder who knowingly makes any false statement, or seeks to perpetrate any fraud or deception, in or relative to his application for such aid, shall be granted any aid hereunder upon such application, nor shall he be eligible for one year thereafter to make further application for such aid or to receive the same." On objection that that was a matter that should be raised by a petition for a writ of certiorari, the evidence was excluded. The ruling was right.

The administration of aid to dependent children was entrusted to the department of public welfare and its decisions are final and binding upon the local welfare boards. If the decision as to the eligibility of the applicant to receive aid under this second application was intended to be challenged in so far as that question remained in the domain of fact, the respondents could file a petition for a writ of certiorari, and show, if they could, that the conclusion of the department was not supported by anything before it. If the return omitted to include the facts alleged in the petition, they could move for an extension of the return to show all the facts before the department, *Morrissey* v. *State Ballot Law Commission*, 312 Mass. 121, 126, and have the question of the sufficiency of the evidence subjected to judicial review. G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4. *Lawrence* v. *Commissioners of Public Works*, 319 Mass. 700, 702. If the eligibility of the applicant was a question of law, and if the department either by a misconstruction of the statute or otherwise committed an error of law in deciding the question which we think it was within its jurisdiction to decide, the only remedy to correct such an error is a writ of certiorari. *Brewer* v. *Boston, Clinton & Fitchburg Railroad*, 113 Mass. 52, 56–57. *Foley* v. *Haverhill*, 144 Mass. 352, 353. *Old Colony Railroad* v. *Fall River*, 147 Mass. 455, 461–462. *Taft* v. *Commonwealth*, 158 Mass. 526, 551–552. *Commonwealth* v. *Abbott*, 160 Mass. 282, 286. *Selectmen of Holliston* v. *New York Central & Hudson River Railroad*, 195 Mass. 299, 302. *Scudder* v. *Selectmen of Sandwich*, 309 Mass. 373, 376–377.

There was no error in the refusal of the judge to deny the writ as a matter of discretion on the ground that the applicant since the hearing on appeal has been receiving $5 a week from a new source of income which she attempted to conceal from the respondents and that the latter upon the discovery of this fact have requested the department to reopen the case. *Attorney General* v. *Bureau of Old Age Assistance of Cambridge*, 324 Mass. 63.

*Judgment affirmed.*