ATTORNEY GENERAL *vs.* METROPOLITAN RAILROAD COMPANY.

Suffolk. March 27. — Oct. 21, 1878. AMES & MORTON, JJ., absent

A license by municipal authority, under a statute, to a street railroad corporation to reasonably use a highway, is not the appropriation of an additional easement in the highway, which will, without special provision therefor, entitle abutters to compensation; and is constitutional.

It is no ground for an information in equity by the attorney general to restrain a street railroad corporation from laying its tracks and running its cars in a certain street, under the authority of an order of the board of aldermen of the city of Boston, that the corporation had failed to accept the order by a writing filed with the city clerk within thirty days from the passage of the order, as required by its terms, the information having been filed before the end of such thirty days; and that the tracks as laid did not comply with the order, the variation not being stated, and not appearing to be material or intentional.

COLT, J. This is an information in equity filed by the attor· ney general, at the relation of Eben Jordan and others, occupiers of land abutting on Washington Street in the city of Boston. As it was first filed, it alleged that the defendant corporation, under the authority of an order of the board of aldermen of the city of Boston, was about to lay down two parallel street railway tracks in Washington Street, between Temple Place and Summer Street, and to run its cars thereon; that it was impossible to lay down these tracks, so as to leave sufficient space for ordinary vehicles to pass between either curbstone and a car upon the nearest track thereto; and that the construction of these tracks and the running of cars thereon would create a public nuisance. It alleged that this order was of no validity, and that the board of aldermen had no power to authorize the creation or continuance of a common nuisance. It asked that the order be declared void, and the corporation restrained from pro· ceeding under it.

A supplemental information alleges that there was no acceptance in writing by the corporation of the order of location, under which the tracks were constructed, within thirty days, as required by its terms, whereby the order became void. It also further alleges that the corporation failed to conform to the order by laying its tracks nearer the easterly curbstone than was therein allowed. There were general demurrers to both informations, and the case comes up on appeal from the decree of the single judge sustaining the demurrers and dismissing the informations.

The jurisdiction of a court of equity to abate an existing, or prevent a threatened nuisance, upon information filed by the attorney general, is limited to those public nuisances which affect or endanger the public safety or convenience, and require immediate judicial interposition. *Attorney General* v. *Tudor Ice Co.* 104 Mass. 239. The nuisance must be clearly established. *District Attorney* v. *Lynn & Boston Railroad*, 16 Gray, 242. And the court will not interfere when the obstruction to the rights of the public is of such a character that it may with equal facility be removed by other constituted authorities and public officers. *Attorney General* v. *Bay State Brick Co.* 115 Mass. 431, 438. There must be a want of adequate, sufficient remedy, and the injury to public rights must be of a substantial character, and not a mere theoretical wrong. *Attorney General* v. *Sheffield Gas Co.* 3 De G., M. & G. 304. *Bigelow* v. *Hartford Bridge*, 14 Conn. 565. *Spencer* v. *London & Birmingham Railway*, 8 Sim. 193. *Davis* v. *Mayor*, &c. *of New York*, 4 Kernan, 506.

The right to locate or to change the location or position of the tracks of a street railway corporation is given by law to the board of aldermen of the city in which such corporation is authorized to construct its road. St. 1871, c. 381, §§ 14, 15. The same board is empowered to make regulations for operating the road and keeping the streets occupied by its location in repair. §§ 18, 19. The corporation is made liable over to the city for any defect or want of repair in that part of any street occupied by its tracks, § 22 ; and is forbidden to obstruct public travel, wilfully or negligently. § 30. The board of aldermen of the city of Boston are also surveyors of highways, and thus the full control of the streets, with the power to locate tracks and to regulate the running of the cars, is left to them.

The information alleges that the board of aldermen "under-
took to pass and did pass, so far as they had the power to pass,"
the order complained of.   There is no allegation of informality
or want of validity in the passage of the order.   The complaint,
as set forth, is that the use of these tracks will produce unusual
obstruction to public travel, and therefore cannot be legally au-
thorized by the board of aldermen, under the laws of this Com-
monwealth.

The power of the Legislature to authorize the construction of
a street railway, without the consent of the adjoining proprie-
tors, and without compensation in damages to the owners of the
soil over which the highway is located, has long been exercised
in this Commonwealth.   It was early recognized in the case of
*Commonwealth* v. *Temple,* 14 Gray, 69, where it was declared
by Chief Justice Shaw that "all public easements, all accom-
modations intended for the common and general benefit, what-
ever may be their nature and character, are under the control
and regulation of the Legislature, exercising the sovereign power
of the state."   The future alteration and use of public streets
for public travel must always be subject to reasonable modifica-
tion by future legislation.   The compensation of landowners and
adjoining proprietors must be presumed to have been adjusted
to such future changes.   Their convenience may be affected
thereby without impairing any constitutional right to additional
compensation.   *Cushing* v. *Boston,* 122 Mass. 173.   The Legis-
lature may indeed provide compensation, but, without provision,
there is no legal claim to it.   Thus the right to alter or change
the grade; *Callender* v. *Marsh,* 1 Pick. 418; Gen. Sts. *c.* 44,
§ 19; to provide for the construction of sidewalks for the ex-
clusive use of foot passengers; Gen. Sts. *c.* 45, § 6; to regulate
public travel by the law of the road; Gen. Sts. *c.* 77; to pre-
scribe what kind of repairs shall be made, and what kind of
vehicles shall be used, are clearly within its power.

The franchise granted to a street railway corporation is not
the grant of a right to appropriate without compensation an ad-
ditional easement in the soil of the street.   Nor can such use of
the streets, under proper restrictions, be considered as the impo-
sition of an additional servitude upon the land of the owner.
The peculiar privilege given is the right, not to acquire land, or

an easement in land, but only the right, so long as permitted by certain municipal authorities, to lay tracks in streets already appropriated to the uses of public travel, for the purpose of facilitating such travel; to modify the public use, and change, to some extent, the law of the road. Such a privilege, however wide the street in which it is exercised, must always create some obstruction to other travel, and be to some extent exclusive; and this is true of all other kinds of public travel. The location of a highway creates a servitude which includes all forms of travel not prohibited by law, with the right in the Legislature to give to municipal or other corporations, or to private individuals, the power reasonably to modify the use of the same for travel, as public convenience and necessity, in the application of modern improvements, may from time to time require.

Upon the facts presented by this information, it is not necessary to decide whether, under this power, street-railway tracks may be so located as practically to destroy the public highways for use as such. It is not contended that other modes of travel are practically excluded. The degree to which such travel is incommoded is for the consideration of the municipal authorities. It is sufficient that we see no constitutional objection to the law under which the defendant was licensed to do the acts complained of. *Elliott* v. *Fair Haven & Westville Railroad*, 32 Conn. 579. *Hinchman* v. *Patterson Horse Railroad*, 2 C. E. Green, 75.

The right to lay down tracks, under the order of location, was upon the condition that the defendant corporation should accept the same, and agree in writing to comply with the conditions thereof, and file the same with the city clerk within thirty days of the date of the passage of the order. St. 1871, c. 381, §§ 14, 15. The allegation in the supplemental information is that the corporation did not comply with the conditions; but it was admitted by the counsel for the attorney general, that, at the time of the passage of the order, the president of the defendant corporation filed an acceptance of the location with the city clerk; and that on the next day, after part of the track was down, the directors voted to confirm the act of the president, and to agree to comply with the conditions of the order; and this vote was on the next day duly filed with the city clerk. The street-railway

laws do not require that the acceptance shall be filed before the laying of the track. It does not appear that the cars were run upon this track before these papers were filed. It is the running of the cars, and not the laying of the track, that creates the nuisance. Both informations in this case were filed before the expiration of the thirty days. The informality, if any exists here, may have been waived or otherwise cured, and cannot be taken advantage of in this proceeding, upon the facts here stated.

It is, further alleged that the corporation has not complied with the order in laying down these tracks, but has laid them down nearer the curbstone and the easterly line of the street than was permitted. The extent of this variation is not stated ; it does not appear to have materially or substantially differed from the lines as indicated upon the plan referred to in the order. There is no charge that the variance in any way increases the inconvenience to public travel, or that there was any intentional departure from the terms of the order. The injury, if any, is plainly not of such a character as to justify the interference of a court of equity, upon an information filed by the attorney general. *Decree affirmed, with costs.*

*H. Jewell & W. Gaston,* (*J. P. Healy* with them,) for the defendant.

*J. D. Ball,* for the Attorney General.