## INHABITANTS OF NEW SALEM *vs.* EAGLE MILL COMPANY.

Franklin. Sept. 17. — Oct. 25, 1884. C. ALLEN & COLBURN, JJ., absent.

A person who rebuilds and maintains a dam originally built by another is liable, without a demand, to an action by a town for damages caused by the dam setting the water back upon a highway therein ; and may continue liable, notwithstanding a subsequent lease to or occupation by others.

The acceptance by a town of a bond from a person who builds a dam therein, " to clear the town from any damage from the flowing of the water, that the dam never should interfere with the town road," is no bar to an action by the town against a person who rebuilds the dam to a greater height, which damages the road by setting the water back upon it.

Maintaining a public nuisance for twenty years does not give a prescriptive right to maintain it.

An action, by a person who suffers a peculiar and special damage from a public nuisance, may be maintained against a person who continues the nuisance, although a recovery for the injury done by the creation of the nuisance is barred by the statute of limitations.

TORT for damages alleged to have been caused to a highway in the plaintiff town, by water set back upon the same by a dam built by one Eddy, and maintained by the defendant corporation. Writ dated October 26, 1883. At the trial in the Superior Court, before *Pitman*, J., the jury returned a verdict for the plaintiff ; and the defendant alleged exceptions, which appear in the opinion.

*S. T. Field*, for the defendant.

*S. D. Conant*, (*C. C. Conant* with him,) for the plaintiff.

HOLMES, J. 1. There was evidence from which the jury might have found that the defendant, in 1871, rebuilt the dam originally built by one Eddy, in 1855. If it did so, it was liable without a demand ; *McDonough* v. *Gilman*, 3 Allen, 264; and might continue liable, notwithstanding a subsequent lease to or occupation by others, especially if, as the plaintiff contended, the lease was merely colorable. *Prentiss* v. *Wood*, 132 Mass. 486. *McDonough* v. *Gilman*, 3 Allen, 267. *Roswell* v. *Prior*, 12 Mod. 635.

2. The arrangement between the town and Eddy, under which the original dam was built, was not shown to be sufficient to bar the plaintiff of this action. In the first place, so far as appears, all that the town did was to accept a bond " to clear the town from any damage from the flowing of the water,

that the dam never should interfere with the town road." Construing this as a contract that the dam should not constitute a nuisance, rather than as an agreement to indemnify the town for acquiescing in a nuisance which it had no power to license, as against third persons at least, (*Stetson* v. *Faxon*, 19 Pick. 147, 154,) it is a little hard to see how merely accepting a bond in that form could have prevented the town from suing even Eddy, if the dam did interfere with the road, and thus did constitute a nuisance.

But, further, there was no agreement by the town in writing, and no express agreement at all. The most that could be implied from the acceptance of Eddy's bond was a license, so far as the plaintiff was concerned, to build the dam as constructed. Such a supposed license could not be taken to extend to a subsequent rebuilding of the dam by a stranger to the bond. Still less could it be taken to extend to a rebuilding to a greater height, which there was evidence tending to show. It is unnecessary, therefore, to consider whether it would have affected the plaintiff's right if it had gone further.

3. The court ruled "that no prescriptive right can be maintained to create a [public] nuisance, or to bar the right of action by the plaintiff town." It may be doubtful whether we are called upon to deal with this ruling, in view of the fact that Eddy maintained the dam until within twenty years of action brought, and that seemingly he did not maintain it under a claim of right adverse to all the world, but, as has been seen, under what he probably supposed to be a sufficient license from the town. But, if the question is open, we think that the ruling must be sustained upon the authorities. It is true that in *Cutter* v. *Cambridge*, 6 Allen, 20, it was decided that the statutes specially regulating that subject " recognize as an existing rule of law, that fences, maintained under a claim of right for forty years within the limits of the highway, give to the owner an absolute right to continue them there as against the public." And some of the reasoning of the opinion might seem to lead to conclusions of more general scope. But we do not read that case as intended to overrule the then recent decisions that a public nuisance was not legalized by being maintained for twenty years. *Commonwealth* v. *Upton*, 6 Gray, 473. *Morton*

v. *Moore*, 15 Gray, 573. We have not been asked to overrule them, and we assume that they are still law. It is also true, that it is decided that a private nuisance may be prescribed for, notwithstanding the fact that it is a public nuisance as well. *Borden* v. *Vincent*, 24 Pick. 301. *Lawrence* v. *Fairhaven*, 5 Gray, 110, 114. *Perley* v. *Hilton*, 55 N. H. 444. But *Morton* v. *Moore*, *ubi supra*, shows that when the plaintiff claims under and by virtue of the public right, the lapse of twenty years is not a bar. See also *Mills* v. *Hall*, 9 Wend. 315, cited in *Commonwealth* v. *Upton*, *ubi supra*. That is the present case. The town complains of a public nuisance by reason of which it has suffered a peculiar and special damage. *Andover* v. *Sutton*, 12 Met. 182. It follows that the plaintiff's rights were not extinguished by the lapse of twenty years.

4. The plaintiff's rights being established, it is settled in this State that an action may be maintained for continuing a nuisance of this description, although a recovery for the harm done by the original erection of the dam is barred. *Prentiss* v. *Wood*, 132 Mass. 489. *Staple* v. *Spring*, 10 Mass. 72. *Fowle* v. *New Haven & Northampton Co.* 107 Mass. 352, 355 ; *S. C.* 112 Mass. 334, 338.

The foregoing considerations, we believe, dispose of all the questions which were raised by the requests for rulings, and by the instructions given so far as inconsistent with those requests, or which were argued at the bar. We do not feel called upon to go further upon a general exception to rulings some of which were favorable to the defendant. If there was any inaccuracy of expression, attention was not called to it at the trial, nor has any point other than those discussed been argued to us.

*Exceptions overruled.*