JAMES W. KENNEY vs. CONSUMERS' GAS COMPANY & another.
ATTORNEY GENERAL vs. CONSUMERS' GAS COMPANY.

Suffolk. March 18. — Sept. 11, 1886. W. ALLEN & HOLMES, JJ., absent.

A bill in equity cannot be maintained to restrain a gas company from digging up, without the consent of the municipal authorities, the surface of the highway in front of the plaintiff's premises for the purpose of laying gas pipes, if the injury caused to the plaintiff is not of such a serious, permanent character that it cannot be adequately compensated in damages.

An information cannot be maintained, in the name of the Attorney General, at the relation of a private individual, to restrain a corporation from digging up the surface of the highway in front of his premises for the purpose of laying gas pipes, in the absence of evidence that a real and substantial injury exists or is threatened, and that the municipal authorities have refused relief, upon application to them, under the Pub. Sts. c. 106, § 77.

An information, in the name of the Attorney General, which is not brought ex officio, but at the relation of an individual, for the protection of his private interests against the acts of a corporation, cannot be maintained for the purpose of restraining the corporation from the further use of its corporate powers, and from usurping public franchises to which it is not entitled.

If a suit in equity does not present a proper case for equitable interference, the court will not usually entertain it, although the defendant makes no objection to the jurisdiction of the court.

C. ALLEN, J. The first of these cases is a bill in equity, brought by a private individual against the Consumers' Gas Company and one Smith, under whose direction the work was prosecuted, to restrain the defendants from digging up Terrace Street in Boston, in front of the plaintiff's brewery, for the purpose of laying gas-pipes. The only averments of damage to the plaintiff are, that he requires, for the convenient transaction of his business, the full use of the street in the neighborhood of his brewery for the going and coming of loaded teams to convey the products of his brewery; that on May 12, 1885, (which was the day of the commencement of the suit,) a large quantity of iron pipe was deposited along said street, adjacent to and in front of his property, and a body of men with pickaxes and shovels appeared in front of his property and began to destroy, and did destroy, the surface of the highway in front of and adjacent to the same, and to excavate a longitudinal trench in said highway; that said men were servants of the defendants;

and that the said opening of the highway adjacent to his said property has injured and impaired his facilities for doing business, and will continue to injure and impair the same, and be a great detriment to his property and business, and cause him great loss and damage; and that the said opening of the highway is a private nuisance, causing him especial damage of an irreparable character.

By the answer of the defendants, which was admitted to be true, it appeared that, on November 17, 1884, by a vote of seven to three, the aldermen of the city passed an order "that the Consumers' Gas Company of Boston is hereby granted the consent of the mayor and aldermen of the city of Boston, and is authorized and empowered, to dig up and open the grounds in the streets, lands, highways, and public places thereof, so far as is necessary to accomplish the objects of the said corporation, and to lay and maintain pipes therein, subject to the provisions and obligations contained in the Public Statutes of Massachusetts and the ordinances of the city of Boston. . . . . Said company shall, upon opening the ground in any of the public places under this order, except for necessarily immediate and current repairs, give notice in writing to the superintendent of streets of its intention to do so, and all work done by authority of this order shall be done under the supervision and inspection of the superintendent of streets." The parties agreed that this order was not signed by the mayor, and that he undertook to veto the same by a message to the board of aldermen on November 24, 1884, in which he gave his reasons for declining to approve the order. The defendant corporation, by vote, accepted, assumed, and agreed to perform the burdens and obligations imposed upon it in the above order, and gave notice thereof to the mayor and aldermen; and on May 11, 1885, the day before the commencement of the work complained of, gave to the superintendent of streets written notice of its intention to proceed forthwith to dig up and open the ground in Terrace Street.

It further appeared, by the averments of the answer, that the acts of the defendants were done in good faith, in prosecution of the business for which the corporation was organized, and in a proper and workmanlike manner, and that they were necessary to accomplish the objects of the corporation.

If we assume, as contended by the plaintiff, that the order of the aldermen was invalid, we are still of opinion that the plaintiff is not entitled to the relief sought, for there is nothing in the case to show that the acts of the defendants had caused or were likely to cause any wanton or unnecessary injury to the plaintiff, or any greater inconvenience than would result from a temporary and brief opening of the street for the purpose of laying gas pipes therein. Even if it be granted that the injury which the plaintiff suffered was special and peculiar, differing in kind from the injury or inconvenience to the public at large, the facts by no means show a serious permanent injury, which cannot be adequately compensated in damages, and which calls for the issuing of an injunction. *Cummings* v. *Barrett*, 10 Cush. 186. *Washburn* v. *Miller*, 117 Mass. 376. *Parker* v. *Winnipiseogee Cotton Co.* 2 Black, 545. 2 Story Eq. Jur. § 925. 3 Pom. Eq. § 1350.

The second case is, in its essential character, an information and bill, quite informal in its structure, brought in the name of the Attorney General, upon the relation of James W. Kenney, seeking the same result as the bill brought by Kenney in his own name. The information is not brought on behalf of the Commonwealth, nor at the relation of the city, or of any of its officers; some of the averments contained in it are set forth as made by the informant, and others by the relator; and the relator makes oath " to the truth of the matters and things above stated of his knowledge; and as to the things stated upon information and belief, that he verily believes them to be true." The defendant filed a general demurrer, without specifying any objections for informality, and the case was reserved for the consideration of the full court, the counsel stating that the questions involved were most of them identical with the questions involved in the preceding case, and arose upon the same state of facts. The two cases were accordingly argued together.

We have no doubt that the court has jurisdiction, in proper cases, to restrain acts like those now complained of, upon the information of the Attorney General, either on behalf of the Commonwealth, or at the relation of a private individual. *Attorney General* v. *Jamaica Pond Aqueduct*, 133 Mass. 361. *District Attorney* v. *Lynn & Boston Railroad*, 16 Gray, 242. But in determining whether a proper case has been made out, all the

circumstances are to be looked at. In England, in cases like the present, where the court has refused to interfere, by way of injunction, special significance has been attached to the circumstance that the informations were not brought in behalf of the public, but merely at the relation of parties privately interested, who might themselves have instituted legal proceedings, if any special damage had been inflicted upon them. *Attorney General* v. *Sheffield Gas Consumers' Co.* 3 De G., M. & G. 304. *Attorney General* v. *Cambridge Consumers' Gas Co.* L. R. 4 Ch. 71, 81, 82, 84, 87. In the former case, Lord Cranworth went so far as to say, "I cannot but come to the conclusion, that the Attorney General, and the public here, are a mere fiction, and that the real parties concerned are only those that were parties to the first suit." (p. 313.) This, however, is not a controlling consideration ; and, if an information is brought in cases where the principal interest involved is a private one, the introduction of a relator is proper, in order that he may be liable for costs. Pub. Sts. *c.* 198, § 19. 1 Dan. Ch. (4th Am. ed.) 14, 16.

But, while not doubting that cases might exist in which the interposition of the court would properly be sought to restrain the digging up of streets, we see no occasion for such interference here. In a very recent case, it has been declared that "the court will not interfere when the obstruction to the rights of the public is of such a character that it may with equal facility be removed by other constituted authorities and public officers. There must be a want of adequate, sufficient remedy, and the injury to public rights must be of a substantial character, and not a mere theoretical wrong." *Attorney General* v. *Metropolitan Railroad*, 125 Mass. 515, 516. By the Pub. Sts. *c.* 106, § 77, it is provided that "the mayor and aldermen or selectmen of a place in which pipes or conductors of such a corporation [i. e. a gas-light company] are sunk may regulate, restrict, and control all acts and doings of such corporation which may in any manner affect the health, safety, convenience, or property of the inhabitants of such place." A convenient tribunal is thus provided, with adequate authority to remedy all the grievances set forth in the information, which consist solely in the attempt to open and dig up Terrace Street. There is no averment that any application has been made to the mayor and aldermen, and relief refused.

The case thus falls directly within the principle of the decision in *Attorney General* v. *Metropolitan Railroad.* See also *Attorney General* v. *Bay State Brick Co.* 115 Mass. 431, 438. In a case which, like the present, is brought to sustain private interests, there is no occasion for the interference of this court, at least until it appears that a real and substantial injury exists, or is threatened, and that the mayor and aldermen have refused relief, upon due application to them.

The information also prays that proceedings in the nature of a *quo warranto* shall be taken by the court, to restrain the defendant from further use of its corporate power, and from usurping public franchises to which it is not entitled. But if the Attorney General seeks such a remedy, it should be by an information *ex officio*, and not by an information brought primarily for the protection of private interests. *Commonwealth* v. *Union Ins. Co.* 5 Mass. 230, 232. *Rice* v. *National Bank of the Commonwealth,* 126 Mass. 300.

For these reasons, we are of opinion that the bill must be dismissed, and the demurrer to the information sustained; although the defendant, by not insisting in argument upon these grounds of objection, has, by implication, waived them. Cases not proper for equitable interference are not usually entertained, even though parties consent. *New England Ins. Co.* v. *Phillips,* 141 Mass. 535, 546. *Dunham* v. *Presby,* 120 Mass. 285, 289.

*Bill dismissed.*

*Demurrer to information sustained.*

*B. F. Butler,* (*J. J. McDavitt* with him,) for the plaintiffs.
*R. M. Morse, Jr.,* (*E. R. Hoar* with him,) for the defendants.