*E. Merwin*, for the remaindermen.

---

INHABITANTS OF NEEDHAM & others *vs.* NEW YORK AND
NEW ENGLAND RAILROAD.

Norfolk.   March 24, 1890. — June 21, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Obstruction of Way — Equitable Remedy — Public Nuisance.*

A bill in equity, brought by a town and its surveyors of highways for the obstruction of a town way, cannot be maintained if it alleges no special damage to the inhabitants of the town distinct or different from that suffered by the public generally ; but the only remedy in equity is by proceedings begun by the Attorney General, or by some other officer representing the Commonwealth.

BILL IN EQUITY, filed in the Superior Court on June 6, 1889, by the inhabitants of the town of Needham, and by its selectmen acting as surveyors of highways, against the New York and New England Railroad Company, containing the following allegations: "First. That there is in said town of Needham a certain public way called Oak Street, extending from Chestnut Street northerly across the location of said railroad company to Maple Street, over which the inhabitants of said town have a right to pass free and unobstructed, as they may do upon other public ways in said town. Second. That the said railroad corporation, without right, at a point or points on said street near the location of the said railroad, have erected a fence or fences, barriers, and railings upon and across said public way, by which the inhabitants of said town are wholly obstructed and prevented from passing over and along said street, as they have a right to do, and as they heretofore have done. Third. That said way is a town way, and the free and unobstructed use of the same is necessary to the convenience of a large number of the inhabitants of the town of Needham and other towns in this State; that said way has been an open and public highway, and extensively used and travelled for more than twenty years along its entire length, and until the same was obstructed as aforesaid; that there is no other public way or street in said town which will accommodate the travel which was wont to pass upon and along said Oak Street as aforesaid; and by said obstructions great inconvenience is caused to the people of said Needham and said other towns, and the same is a public nuisance."

The prayer of the bill was that the railroad corporation might "be ordered and decreed to remove all said fences, railings, barriers, or other obstructions by which the free passage of the inhabitants of said town upon and along said street is obstructed and prevented, and that said corporation may be forever enjoined against the placing of any obstruction upon said street, or in any way interfering with and preventing the free passage of the inhabitants of said town upon and along said street, and over and across the location of said railroad, on the line of the same."

The defendant demurred to the bill, on the ground, among others, that relief in equity, if any, could be had only by proceedings instituted in the name of the Attorney General. The

Superior Court sustained the demurrer, and dismissed the bill; and the plaintiffs appealed to this court.

*H. E. Fales & S. H. Tyng*, for the plaintiffs.

*R. D. Weston-Smith*, for the defendant.

FIELD, J.   Although the surveyors of highways may remove "whatever obstructs or encumbers a highway or town way, or hinders, incommodes, or endangers persons travelling thereon," (Pub. Sts. c. 52, § 10,) they have no rights of property in the public ways, and cannot, as surveyors, maintain suits against persons who obstruct the ways.   When a public way is obstructed so as to constitute a public nuisance, the remedy at law is by indictment, and in equity by an information by the Attorney General, or by some other officer representing the Commonwealth.   When the interference with a public right of way is of such a nature that a town may be put to expense in repairing the way, or may be liable in damages for injuries received from the obstruction, or when the town owns the fee of the land under the way, and the interference is by digging up or removing a part of the land, there are intimations, if not decisions, in our reports, that suits therefor may be maintained by the town.   See *Springfield* v. *Connecticut River Railroad*, 4 Cush. 63; *New Salem* v. *Eagle Mill Co.* 138 Mass. 8; *Quincy* v. *Boston*, 148 Mass. 389, 390.

What constitutes a special damage to a town, whereby it can maintain a suit in this class of cases, has never been very carefully considered.   It is, however, enough for this case to say, that the bill alleges no special damage to the inhabitants of Needham distinct or different from that suffered by the public generally.   If the nuisance described is one which requires the interposition of a court of equity, the proceedings must be taken by the Attorney General, or by some officer who represents the Commonwealth.   *Attorney General* v. *Metropolitan Railroad*, 125 Mass. 515.   *Attorney General* v. *Jamaica Pond Aqueduct*, 133 Mass. 361.

*Decree dismissing the bill affirmed.*