MARY E. GIFFORD *vs.* INHABITANTS OF WESTPORT & others.

Bristol.	October 25, 1905. — February 27, 1906.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Landing Place. Limitations, Statute of. Nuisance.*

Under Rev. Sts. c. 24, § 61, Gen. Sts. c. 46, § 1, Pub. Sts. c. 54, § 1, R. L. c. 53, § 1, no right to maintain a private building on a public landing place the boundaries of which can be made certain can be acquired by a possession of less than forty years. Here in the case of a boat house it was held that the evidence justified a finding that for many years before the limit of time had run there had been a substantial abandonment of the use to which the building formerly had been put, and that there was nothing to prevent the removal of the boat house as a nuisance.

LATHROP, J. This is a bill in equity, filed in the Superior Court on February 27, 1905, by the widow and devisee of Jonathan Gifford, against the town of Westport and the board of landing commissioners of that town, appointed under the St. of

1848, c. 171,* to restrain the defendants by injunction from removing from the public landing place in the town a small boat house, alleged to have been used for the housing of boats, and the storage of fishing tackle, sails, oars and warps, for more than forty years.

On the bill being filed a temporary injunction was issued, and the case was afterwards heard by a judge of the Superior Court, who ordered a decree to be entered dismissing the bill, with costs.   He also filed a memorandum of his decision, stating the reasons therefor ; and the case is before us on an appeal from the decree.   The record contains a full report of the evidence.

A boat house was built in 1857, by Jonathan Gifford and Edward Akin, on the landing place in question.   In 1867 Akin sold out his share to Gifford, who died in 1896, leaving his property to his widow, the plaintiff.   In 1900 a new boat house was built on substantially the same place as the old one, by the plaintiff's son ; and in 1905 the landing place commissioners of Westport moved the new building to another part of the beach.   The son moved it back to its former location ; and this bill in equity was brought.

There can be no doubt that the placing of the old boat house on a public landing was an intrusion at common law, and made the building a nuisance.   *Commonwealth* v. *King*, 13 Met. 115. *Morton* v. *Moore*, 15 Gray, 573.   *Commonwealth* v. *Blaisdell*, 107 Mass. 234.   *New Salem* v. *Eagle Mill Co.* 138 Mass. 8.

If the plaintiff is entitled to recover it must be that under the statute there had been acquired a possession for forty years. The judge ruled that this possession must be adverse, and under a claim of right, and found that there was no such possession. The statute in force when the first boat house was built was § 61 of the Rev. Sts. c. 24, which provides that when the boundaries of a landing place, among other public places mentioned, can be made certain, (as here) " no length of time, less than forty years, shall justify the continuance of a fence or building, on any . . . landing place."   This statute, in substantially the same form, has come down to the present time.   Gen. Sts. c. 46, § 1.   Pub. Sts. c. 54, § 1.   R. L. c. 53, § 1.

---

* An act for the regulation of public and town landings in the town of Westport.

In *Cutter* v. *Cambridge*, 6 Allen, 20, 24, it was said by Mr. Justice Hoar, in construing the Rev. Sts. c. 24, § 61 : " The language of the statute, though negative in form, was intended to be affirmative in substance ; and to recognize as an existing rule of law, that fences, maintained under a claim of right for forty years within the limits of the highway, give to the owner an absolute right to continue them there as against the public." See also *Parker* v. *Framingham*, 8 Met. 260, 268 ; *New Salem* v. *Eagle Mill Co.* 138 Mass. 8.

There is nothing in the evidence in the case at bar to show that the original boat house was put up under a claim of right, or that it was maintained adversely. But if this were otherwise the judge further found that the plaintiff's devisor made no use of the building during a period of about eight years preceding his death ; "and that during that time, as admitted at the hearing, he was mentally incapacitated to act or to have a purpose to act or assert ; that during that period, and for some years before, the building had been neglected, suffered to fall into decay and substantial ruin ; that in the year 1897, when it was contended that the limit of time had run, there was and had been for many years a substantial abandonment of the use to which the building had formerly been put."

An examination of the evidence satisfies us that the judge was right in the conclusions which he reached. To review the evidence at length would serve no useful purpose. We concur in the finding of the judge that the plaintiff is not entitled to the relief sought.

*Bill dismissed, with costs.*

*F. M. Sparrow*, for the plaintiff.
*E. D. Stetson*, for the defendants.