CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant, vs. SHEPARD DRAINAGE DISTRICT, Respondent.

*May 4—May 23, 1916.*

*Drains: Crossing railway right of way: Opening bridges: Recovery of expense: Pleading: Demurrer: Counterclaim: Appeal: Questions before court.*

1. A railway company which, in compliance with sec. 1379—29, Stats., opened bridges on its right of way to permit the passage through them of a drainage ditch and the dredges constructing it, may maintain an action against the drainage district for the expense incurred in so opening its right of way. *Chicago, M. & St. P. R. Co. v. Lemonweir River D. Dist.* 135 Wis. 228, distinguished.

2. The complaint in such an action is not defective because it fails to show that the amount claimed was included in the cost of construction, or that, if so included, the assessment for benefits would be still equal to or greater than the assessment for cost of construction.

3. Upon appeal from an order sustaining a demurrer to a counterclaim as a demurrer to the complaint, but making no reference to the counterclaim, the question whether the counterclaim was properly pleadable as such is not before the appellate court.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Action under sec. 1379—29, Stats., to compel payment of the amount of expense incurred in opening plaintiff's right of way for passage of dredge.

Omitting formal allegations, the material part of plaintiff's complaint is as follows: That during the months of December, 1911, and January, 1912, the defendant was engaged in the construction of a drainage ditch within said district in accordance with certain plans and specifications theretofore approved by this court, and that in carrying on this project it became necessary to carry said drainage ditch and the dredge or dredges used in building the same through plaintiff's bridges C–584 and C–586; that in accordance with the statute in such case made and provided, particularly sec. 1379—29, the defendant, the *Shepard Drainage District,* on or about the 28th day of November, 1911, notified the plaintiff, both orally and in writing, to open its right of way and permit the defendant and its agents, servants, and employees engaged in the construction of said ditch to pass said ditch and the dredge or dredges used in constructing the same across the plaintiff's right of way and through the aforesaid bridges; that pursuant to said notice and in accordance with the statute in such case made and provided, plaintiff, during the months of December, 1911, and January, 1912, then and there performed work and labor, furnished material, and opened said bridges for the defendant; that the reasonable value of said work and labor performed and material furnished in opening said bridges is $3,421.34, and that by reason of the performance of the work and labor and the furnishing of the material by the plaintiff to the defendant at its request the defendant is indebted to plaintiff in the sum of. $3,421.34.

The defendant answered, alleging that the stream in question was a natural watercourse, that the railroad company,

without any right or license, placed within the limits of the stream the bridges in question, thereby wrongfully obstructing the stream and causing sand-bars to be formed; that prior thereto the stream was navigable for rowboats and launches; that the same has always been used as a public waterway for the passage of small boats and hunting craft; that defendant gave the notice required by law to be given to the railroad company in case its bridges were to be moved to permit the passage of a dredge; that it was using said stream as a natural highway and that it had a right to do so; that the obstruction made by the bridge was wrongful, and that it was the duty of the railroad company to remove the same and leave the highway unobstructed for the passage of the dredge; that after the canal had been constructed by the defendant the plaintiff company placed logs and timbers therein, wrongfully obstructing the same. The answer further alleged that plaintiff was a party defendant to the drainage proceedings by which the said drainage district was established; that plaintiff herein appeared in the drainage proceedings and stipulated that the plans and specifications adopted by said district did in fact benefit the bridges of the plaintiff railroad company, and that the plaintiff is now estopped from asking or claiming any damages on account of the reconstruction of said bridge. The facts set out in the answer are pleaded both by way of answer and as a counterclaim. Defendant asked that plaintiff be required to remove the obstructions placed in the canal by it subsequent to the construction of the canal and that plaintiff's complaint be dismissed.

Plaintiff demurred to the counterclaim. Upon the hearing, the demurrer to the counterclaim relating back to the complaint, the trial court held the complaint insufficient in that it did not state facts sufficient to constitute a cause of action, and defendant had an order accordingly, from which order plaintiff brings this appeal.

For the appellant there was a brief by *Sanborn & Blake,* and oral argument by *John B. Sanborn.*

For the respondent there was a brief by *Hall & Baker,* and oral argument by *F. W. Hall.*

ROSENBERRY, J. There are two questions argued:. (1) Does the complaint state a cause of action? (2) Are the facts set out in defendant's answer pleadable as a counter-claim?

1. Whether the complaint states a cause of action or not depends upon whether it is an action to recover "damages" under sec. 1379—18, Stats., or whether it is for compensation under sec. 1379—29. The case of *Chicago, M. & St. P. R. Co. v. Lemonweir River D. Dist.* 135 Wis. 228, 115 N. W. 825, is said to determine this question adversely to plaintiff herein. In that case certain damages were awarded to the railroad company on account of injuries to its right of way. On motion of the railroad company the report was modified by the court, so that instead of determining the damages to the railroad company's right of way the determination thereof was postponed to a future date and an attempt was made to bind the drainage district for the expenses of structural changes in the railroad bridges and culverts then or thereafter made necessary by the construction of the drainage system. This court held:

"This stipulation and this portion of the report and order of confirmation were unauthorized by statute, contrary to the spirit and intent of the drainage law, and of no legal force whether embodied in the final order or not. . . . If it could be held that this provision of the order had any force or legal validity, any owner of land to be affected by the improvement in the drainage district could so procure the postponement of the ascertainment of his damages until after the improvement was completed and thus defeat the whole scheme of the drainage act and the express provisions of the statute. All damages allowed to the owners of property shall be paid or tendered before the commissioners shall be authorized to enter upon the lands for the construction of any work proposed thereon." 135 Wis. 236.

It will be noted that in the above case the compensation was for permanent changes in the right of way of the railway company which were absolutely necessary and without which the drainage scheme could not be completed. In the instant case the defendant might or might not, as it saw fit, require the plaintiff company to open its bridges for the passage of its dredge. It produced no change in the right of way and roadbed of the plaintiff company necessary to the maintenance and construction of the canal. In view of the expense the defendant might have decided to construct its canal through the right of way or roadbed of the defendant in some other way. We think the present action is one for work and labor performed and materials furnished in the course of the construction of the canal and in compliance with the provisions of sec. 1379—29, Stats., and not for damages caused by the proposed drainage scheme, and that the complaint therefore states a cause of action.

Defendant contends that the complaint is defective in that it fails to show that the amount claimed was included in the cost of construction, or that, if so included, the assessment for benefits would be still equal to or greater than the assessment for cost of construction. We do not consider this point well taken. Whether or not the defendant can be compelled to pay the judgment, should one be rendered, is a matter which cannot be determined at this time.

2. Are the facts set out in defendant's answer pleadable as a counterclaim? The order appealed from sustains the demurrer as a demurrer to plaintiff's complaint and makes no reference to the demurrer to the counterclaim. Therefore the second proposition is not before us and cannot be decided here.

*By the Court.*—The order appealed from is reversed, and the cause remanded for further proceedings according to law.