Jones, J.
In view of the state of the pleadings, the trial court could not do otherwise than overrule the demurrer of the plaintiff to the second defense of the answer. The material allegations which sustain plaintiff’s petition are that no special benefits accrued to the plaintiff from the improvement, and that the assessment was grossly excessive and based on no benefits whatever. These allegations were denied in the first defense. Furthermore, the allegations contained in the second defense, and which are admitted to be conceded by the demurrer of the plaintiff, alleged complete regularity of proceedings in conformity to the provisions of Section 1214, General Code. Not only that, but the second defense alleged that on the date fixed for the hearing of the objections to the assessment the board equalized and adjusted the assessments and made the same just and equitable. No reply was filed denying these facts.
Plaintiff below availed himself of the provisions of Section 12075, General Code, which invested the common pleas court with jurisdiction to enjoin the illegal levy or collection of taxes. The conceded al *22 legations are that the statutory steps had been followed giving the commissioners jurisdiction to make the assessment; nor does it appear that the assessment exceeded any legal limitation. Plaintiff’s contention is that he can disregard the provision of Section 1214, General Code, which permits landowners to file objections to the assessment, and later invoke the jurisdiction of a court of equity by injunctive process, for the reason that Section 1214, General Code, does not give him adequate remedy at law. He bases this argument upon the fact that the statute does not give him compulsory process for the subpoena of witnesses, nor provide for the admission of evidence touching the assessment, nor any relief by way of error or appeal from the decision of the board. Assuming for the moment that the assessments were not made “just and equitable,” the contrary of which the second defense alleges and the demurrer concedes, can it be said the landowner may ignore a statute which gives him full and complete remedy for his complaint? Section 1214, General Code, provides that after the tentative apportionment has been made by the surveyor and filed with the commissioners for the inspection of persons interested, publication shall be made setting forth that the same is on file and fixing the date when objections to the assessments will be heard. The section then provides that the owner may file his objections in writing with the county commissioners before the time set for hearing and—
“If any objections are filed the county commissioners * * * shall hear the same and act as an equalizing board and they may change said assessments if in their opinion any change is necessary to *23 make the same just and equitable, and such commissioners or trustees shall approve and confirm said assessments as reported by the surveyor or modified by them.”
The second defense alleges that the assessments were made just and equitable. "Were it not so, a statutory duty was imposed upon the landowner to file his objections, which duty he entirely ignored. Had the apportionment been unjust or inequitable, any complaint he may have had in respect thereto might have been corrected and adjusted by the board. It became his duty to avail himself of the statutory remedy, which may have afforded him full and adequate relief, instead of resorting in the first instance to a court of equity, seeking to enjoin the collection of the tax.
We are constrained to hold that the plaintiff had an adequate remedy at law, as that principle is generally applied. We find that the lower courts of this state have, in several instances, held that a statutory proceeding for corrective relief required to be taken in a case of this character must be resorted to before an applicant can have injunctive relief. In San Joaquin, etc., Irrigation Co. v. County of Stanislaus, 155 Cal., 21, 99 Pac., 365, it is held that while the “rule that a party must exhaust all his legal remedies before he is entitled to redress in a court of equity * * * has application generally to legal remedies enforceable in an action at law,” it is equally applicable “so as to require parties who are afforded by statute an opportunity to obtain adequate relief by application to a legislative or administrative municipal body, like a board of supervisors, with reference to the very matter of which *24 they complain in an action in equity, to seek that relief from such body before being permitted to maintain an equitable action for the purpose.” See, also, Kenney v. Consumers’ Gas Co., 142 Mass., 417, 8 N. E., 138.
Due process of law is afforded the owner of property assessed for local improvement, where there is an opportunity to be heard before the body which is to make the assessment, although the decision of that body after hearing is conclusive. (Hibben v. Smith, 191 U. S., 310, 24 Sup. Ct., 88, 48 L. Ed., 195.) The same principle is announced and followed in Goodrich v. City of Detroit, 184 U. S., 432, 22 Sup. Ct., 397, 46 L. Ed., 627, and in Taylor, Aud., v. Crawford, 72 Ohio St., 560, 74 N. E., 1065, 69 L. R. A., 805, where, in the opinion, Price, J., expressed the view that in cases where there is no direct statutory provision for appeal or error a party may avail himself of the remedy provided in Section 12075, General Code (formerly Section 5848, R. S.), to enjoin “the illegal levy of taxes and assessments, or the collection of either. * * * ”
The pleadings contain no allegations disclosing that the commissioners have exceeded their constitutional or statutory authority in making such assessment, or that there was any irregularity in the proceeding which justified a court of equity in retaining jurisdiction and reapportioning the assessments. Had this been the situation in the case involved here, all the owners interested in the improvement would be necessary parties in the determination of apportionment.
*25 The demurrer of the plaintiff to the second defense was properly overruled and the judgment of the Court of Appeals is therefore affirmed.

Judgment affirmed.

' Marshall, C. J., Wanamaker, Matthias, Day and Allen, JJ., concur.