ATTORNEY GENERAL *vs.* BOSTON AND ALBANY RAILROAD COMPANY & another.

Hampden.    June 20, 1923. — September 14, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & PIERCE, JJ.

*Railroad,* Grade crossing. *Nuisance. Grade Crossing. Way,* Public. *Prescription. Attorney General. Equity Jurisdiction,* To abate nuisance. *Estoppel.*

The construction by a railroad corporation in 1872 of a railroad across a public way fourteen feet below the surface grade without the erection of a bridge for the accommodation of public travel, thus making travel at that point impossible, and without compliance with Gen. Sts. c. 63, §§ 46–48, constituted so much of the location as was within the layout of the public way a public nuisance, for the abatement of which, independently of any proceeding that might be had before the county commissioners, the Attorney General may maintain a suit in equity in the nature of an information against successors in title of the original corporation who still maintain the nuisance.

The right of the public through the Attorney General to seek appropriate relief as above described is not barred by the lapse of time.

No prescriptive right to the maintenance of the crossing as above described could be gained by the railroad corporation against the public.

It appeared that the original railroad company above described, less than twenty years before St. 1892, c. 275 took effect, constructed a way with a properly built crossing at grade nearer than two hundred feet from the excavation blocking the public way and that such way was maintained until about two and one half years before the filing of the suit above described, when the defendant railroad corporation blocked it, and that during the period of its maintenance it had been used by all travellers as a public way would be used and accommodated the travel that the public way had accommodated previous to the interruption of travel thereover by the excavation for the roadbed of the railroad. *Held,* that

(1) With the knowledge, acquiescence and general understanding of all concerned, the substituted way was established, maintained and used as a substituted way in the place of the portion of the public way which had been rendered impassable;

(2) The defendants should not be permitted to repudiate their voluntary acts which under the conditions had been relied on by those whose conduct they had intended to influence, and presumably did influence, to accept the substitution;

(3) There was no sufficient reason why the public should not be allowed to use the substituted way for the purpose for which it was provided;

(4) If the defendants, upon application to the county commissioners, procured an order prescribing what alterations were necessary to enable the corporation lawfully to cross the public way, and performed the work directed by such order, the court might relieve them from further maintenance of the substituted way;

(5) A decree was ordered directing the defendants to remove the obstruction to the substituted way and, until further order of the court, to maintain that way in the same condition in which it was before it was obstructed.

BILL IN EQUITY, filed in the Supreme Judicial Court for the County of Hampden on April 29, 1918, in the nature of an information by the Attorney General at the relation of one Jenness K. Dexter, a citizen of Springfield, against the Boston and Albany Railroad Company and the New York Central and Hudson River Railroad Company, seeking a decree adjudging Robbins Road in Springfield to be a town way and to have been a town way prior to the location in 1872 of the Athol and Enfield Railroad held by the defendants as successors in title; that the acts and omissions of the defendants and their predecessors in title, whereby the public were deprived of passage over their railroad, be adjudged and declared to be a common nuisance; " in the alternative, that a decree may be had abating said common nuisance at the original point of intersection of the said public way with the railroad, and enforcing compliance

with St. 1906, c. 463, Part II, §§ 107, 108, whereby a suitable crossing for the public may be had at said point of intersection; or that a decree may be had adjudging and declaring the barrier or obstruction erected by defendants in October, 1915, at the substituted or relocated crossing [described in the opinion] to be a common nuisance, and that the same be abated and removed, to the end that the public may again enjoy the right to travel over said substituted or relocated way across the railroad of the defendants."

The suit was referred to a master. Material findings by the master are described in the opinion. The suit was heard by *Carroll,* J., by whose order an interlocutory decree was entered confirming the master's report. He then ruled that the bill should be dismissed, ordered a final decree to that effect and reported the suit to this court for determination.

The case was submitted on briefs.

*C. W. Bosworth,* for the relator.

*W. H. Brooks, J. P. Kirby & D. H. Keedy,* for the defendants.

BRALEY, J. By St. 1869, c. 174, the Athol and Enfield Railroad Company was chartered and authorized to locate, construct and operate a railroad from the Vermont and Massachusetts Railroad in Athol to connect with the New London Northern Railroad at Belchertown or Palmer, and by subsequent statutes to extend its railroad from the terminus in Belchertown through the towns of Ludlow and Wilbraham to the Boston and Albany Railroad, or the Connecticut River Railroad in Springfield. The St. 1873, c. 16, permitted the corporation to change its name to the Springfield, Athol and Northeastern Railroad Company, and also confirmed the location. The master reports that when the information was filed the Boston and Albany Railroad was the owner of the railroad of the Springfield, Athol and Northeastern Railroad Company, and that the codefendant, the New York Central Railroad Company, was operating the railroad as lessee. It appears that the railroad, which was in process of construction during 1872,

1873 and 1874, was partly located and constructed in Springfield where it bisected Robbins Road, which is found to have been at that time a public way for nearly a century and has since continued to be a public way in constant use; " except as to that portion . . . which lies within the location of the railroad and a short distance on either side . . . , the use of which for travel was interrupted by the acts of the railroad corporation " as fully stated in the report.

The Athol and Springfield Company, acting under Gen. Sts. c. 63, § 48, filed November 7, 1872, a petition with the county commissioners asking them to determine what alterations should be made where public ways were crossed by the railroad; and the mode and time in which the work should be done.   But Robbins Road was omitted from the petition; and the location of the railroad " as filed showed no public way crossing the location of the railroad where it passed through the Chapin Farm," the local territory which included that part of Robbins Road crossed by the railroad some fourteen feet below the surface grade, and over which no bridge has ever been constructed for the accommodation of public travel.   The excavation rendered travel at this point impossible, and the act of the defendants' predecessor in title was in violation of Gen. Sts. c. 63, § 46, then in force; that " If a railroad is laid out across a turnpike road or other way, it shall be so made as not to obstruct the same." See St. 1874, c. 372, §§ 86, 184.   And of § 47, formerly Rev. Sts. c. 39, § 66, that, where the railroad crosses a highway or town way it shall be so constructed as to cross over or under the same, " if over, a sufficient space shall be left under the railroad conveniently to accommodate the travel upon the . . . way; if under, the corporation shall build and maintain such bridges with suitable approaches . . . as in like manner to accommodate the travel upon the way over the crossing."   See Pub. Sts. c. 112, § 120; R. L. c. 111, § 125; St. 1906, c. 463, Part II, § 108; G. L. c. 160, § 97. It was the duty of the corporation to comply with the statute, before it could lawfully make the excavation and alteration.   *Cambridge & Somerville* v. *Charlestown Branch Railroad,* 7 Met. 70, 72.   *Parker* v. *Boston & Maine Rail-*

*road,* 3 Cush. 107, 115, 116.   *Roxbury* v. *Boston & Providence Railroad,* 2 Gray, 460, 465.   The excavation and installation of its track were an intrusion on the rights of the public and made so much of the location as was within the limits of the layout of Robbins Road a public nuisance.   *Dickinson* v. *New Haven & Northampton Co.* 155 Mass. 16, 19.   *Gifford* v. *Westport,* 190 Mass. 323, 324.   *Commonwealth* v. *Morrison,* 197 Mass. 199, 203.

It is contended by the defendants that the information should be dismissed because the county commissioners, on petition by the railroad company, or the municipal authorities named in the statute, have exclusive jurisdiction to order such alteration as will obviate the obstruction and make Robbins Road passable as a public way.   Gen. Sts. c. 63, §§ 49, 62.   Pub. Sts. c. 112, §§ 127, 135.   R. L. c. 111, §§ 132, 140.   St. 1906, c. 463, Part II, §§ 115, 117.   The corporation, however, notwithstanding these provisions, was liable to indictment at common law for a nuisance. *Springfield* v. *Connecticut River Railroad,* 4 Cush. 63, 68. *Commonwealth* v. *Nashua & Lowell Railroad,* 2 Gray, 54. *Commonwealth* v. *Old Colony & Fall River Railroad,* 14 Gray, 93.   *Commonwealth* v. *Rumford Chemical Works,* 16 Gray, 231.   And, independently of any proceedings before the county commissioners, the Attorney General can by an information in equity in behalf of the public have the nuisance removed or abated.   G. L. c. 160, § 252.   *District Attorney* v. *Lynn & Boston Railroad,* 16 Gray, 242, 245. *Attorney General* v. *Tudor Ice Co.* 104 Mass. 239, 244.   *Needham* v. *New York & New England Railroad,* 152 Mass. 61, 63; *Attorney General* v. *Pitcher,* 183 Mass. 513, 520.   *Attorney General* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 194, 197.   See also *Attorney General* v. *Williams,* 174 Mass. 476, 483; *Fall River Iron Works Co.* v. *Old Colony & Fall River Railroad,* 5 Allen, 221; *Cadigan* v. *Brown,* 120 Mass. 493.   The cases of *Bay State Brick Co.* v. *Foster,* 115 Mass. 431, *Attorney General* v. *Bay State Brick Co.* 115 Mass. 431, *Attorney General* v. *Metropolitan Railroad,* 125 Mass. 515, *Kenney* v. *Consumers' Gas Co.* 142 Mass. 417, *Attorney General* v. *Consumers' Gas Co.* 142 Mass. 417, and *Holliston*

v. *New York Central & Hudson River Railroad*, 195 Mass. 299, cited by the defendants, are not in conflict.

The obstruction apparently has been continued for more than forty years prior to the filing of the information, during which no effort has been made by the railroad or those authorized to act under such conditions to have the county commissioners decide whether, by the construction of an overhead bridge or other changes or alterations, the road should be made passable for travellers. See Gen. Sts. c. 46, §3; Pub. Sts. c. 54, § 3; R. L. c. 53, § 2; St. 1917, c. 344, Part VI, §§ 1, 2; G. L. c. 160, § 100. It is undisputed that the defendants for a long time have been and now are in occupation and absolute control of the location; and having with full knowledge of the situation continued the nuisance they have no better standing than their predecessor who first created it. *Holliston* v. *New York Central & Hudson River Railroad, supra.* The right of the public through the Attorney General to seek appropriate relief is not barred by the mere lapse of time. *Staple* v. *Spring*, 10 Mass. 72. *Wells* v. *New Haven & Northampton Co.* 151 Mass. 46, 49, 50, and cases cited. No prescriptive rights could be gained. *Leahan* v. *Cochran*, 178 Mass. 566, 569. " The decision in *Attorney General* v. *Revere Copper Co.* 152 Mass. 444 . . . is confined to the gaining of prescriptive rights with respect to property owned by the public under a statute of limitations which puts the property rights of the public on the same basis as those of individuals." *Commonwealth* v. *Sisson*, 189 Mass. 247, 251.

But even if mandatory injunctive relief is asked, it is unnecessary at present to determine whether the defendants should be ordered to discontinue the use of this part of their track and to restore Robbins Road to the same condition that it was in when wrongfully appropriated. *Boland* v. *St. John's Schools*, 163 Mass. 229, 239. *Smith* v. *Smith*, L. R. 20 Eq. 500. While the exact date when the work was done is not stated, the master reports, that " At that time the railroad company constructed a way over its location at grade at a point about two hundred feet easterly from the point where . . . Robbins Road was crossed.

Said way so constructed has in recent times been known as Oakdale Street, and from the time when it was constructed down to October 2, 1915, was used by all travellers as a public way would be used and accommodated the travel that Robbins Road had accommodated prior to the interruption of travel thereover by the excavation for the roadbed of the railroad. The railroad company planked said crossing and maintained planking . . . to the extent at least of having plank on the outside and inside of each rail down to . . . October 2, 1915, at which time said railroad company removed said planking and built a fence across said way known as Oakdale Street on each side of the railroad location and effectively prevented travellers from using the crossing at that point. Such fences have been maintained until the present time." The street could not become a public way by dedication. *Bigelow Carpet Co.* v. *Wiggin,* 209 Mass. 542. The master finds that the filing of the location ".was less than twenty years prior to the date when St. 1892, c. 275, took effect. The crossing of the railroad at Oakdale Street had been in existence less than twenty years prior to the date when St. 1892, c. 275, took effect." The defendants contend that not having been used by the public for a period of twenty years prior to St. 1892, c. 275, which provides that rights of way across railroads should not thereafter be acquired by prescription, no rights have been gained by the public; *Simpson* v. *Boston & Maine Railroad,* 176 Mass. 359; and their action closing the street was lawful and justifiable.

We are satisfied, however, on all the findings, that with the knowledge, acquiescence and general understanding of all concerned, the street was established, maintained and used as a substituted way for the closed portion of Robbins Road. The defendants should not be permitted to repudiate their voluntary acts which under the conditions just referred to have been relied on by those whose conduct it was intended to influence, and presumably did influence, in their acceptance of the substitution. It has been said that the primary ground of the doctrine of equitable estoppel is " that it would be a fraud in a party to assert what his

previous conduct had denied, when on the faith of the denial others have acted." *Gregg* v. *Von Phul,* 1 Wall. 274. *Parker* v. *Boston & Maine Railroad,* 3 Cush. 107, 117. *Rowe* v. *Granite Bridge Corp.* 21 Pick. 344, 348. *Boston & Albany Railroad* v. *Reardon,* 226 Mass. 286, 291. *Moss* v. *Old Colony Trust Co. ante,* 139.

The relief to be granted is in the judicial discretion of the court, and we perceive no sufficient reason why the public should not be allowed to use Oakdale Street for the purposes for which it was provided. The defendants under the provisions of the statute can apply to the county commissioners for an order prescribing what alterations are necessary to enable the corporation to lawfully cross Robbins Road. G. L. c. 160, §§ 100, 102, 103. If an order is obtained, and the work is done, they may be relieved by the court from further maintenance of the street. *Hepburn* v. *Lordan,* 2 Hem. & M. 345.

A decree with costs is to be entered directing the defendants within a time to be fixed by a single justice, to remove the fences and to maintain Oakdale Street in the same condition that it was in before until the further order of the court. *Boland* v. *St. John's Schools for Boys,* 163 Mass. 229, 239. *Henry* v. *Koch,* 80 Ky. 391, 398. *Ives* v. *Edison,* 124 Mich. 402. *Smith* v. *Smith,* L. R. 20 Eq. 500.

*Ordered accordingly.**

---

* The rescript which the foregoing opinion accompanied directed: A decree with costs to be entered directing the defendants within a time to be fixed by a single justice, to remove the fences and to maintain Oakdale Street in the same condition that it was in before until the further order of the court.